96  141
97  355
96  141
101  766
96  141
e102  857

## Wytheville.

# WYTHEVILLE CRYSTAL ICE AND DAIRY COMPANY v. FRICK COMPANY (LIMITED).

### JUNE 23, 1898.

### Absent, Buchanan, J.

1. CHANCERY PRACTICE—*Suit to Enforce Judgments—Prior Deed of Trust.*—A judgment creditor cannot compel the enforcement of prior deeds of trust before the maturity of the debts secured in said deeds. The judgment is a lien only on the equity of redemption, and nothing more can be sold to satisfy it.

2. CHANCERY PRACTICE—*Answer of One Defendant not Evidence against Co-Defendant.*—The answer of one defendant cannot be read as evidence by the complainant against another defendant where there is no joint interest, privity, fraud, collusion, or combination between the co-defendants.

3. CHANCERY PRACTICE—*Suit to Enforce Judgment against Principal and Sureties—Land of Principal First Liable—Order of Proceeding against Sureties.*—Where principal and sureties are bound by the same judgment it is error to decree a sale of the lands of both principal and sureties at the same time. The lands of the principal should be first sold, and the balance, if any, apportioned equally among the several sureties, reserving to the creditor the right to proceed against other sureties for default of any one or more in paying his or their due proportion. If, however, the sureties have agreed amongst themselves upon a different rule of apportionment, their agreement should be respected, unless it would prejudice the rights of the creditor.

4. CHANCERY PRACTICE—*Suit to Enforce Judgment against Principal and Sureties—Parties.*—In a chancery suit to enforce the lien of a judgment against a principal and sureties, where it appears that judgment had also been obtained against the personal representative of another surety for the same debt, such personal representative and the sole devisee and legatee of the deceased surety are necessary parties in order that

Opinion.

the deceased surety's part of the judgment remaining unpaid, after exhausting the realty of the principal, may be ascertained, and his estate subjected to its payment.

5. CHANCERY PRACTICE—*Suit to Enforce Liens—Trust Deed—Terms of Sale.* In decreeing the sale of lands to satisfy liens, the first of which liens is a deed of trust, the decree must conform to the terms of the deed of trust. The court has no power to change the contract of the parties.

6. CHANCERY PRACTICE—*Creditor's Bill—Suit to Enforce Liens—Parties.*— In a suit in chancery to enforce the lien of a judgment against a principal and sureties if other judgments are proved upon which others than those before the court are also bound, it is not necessary to make such others parties.

Appeal from a decree of the Circuit Court of Wythe county pronounced September 30, 1896, in a suit in chancery wherein The Frick Company (Limited) was the complainant, and the appellants and others were the defendants.

*Reversed.*

The opinion states the case.

*J. H. Fulton* and *C. B. Thomas*, for the appellants.

*Blair & Blair*, for the appellee.

RIELY, J., delivered the opinion of the court.

At the time of the recovery by the appellee of its judgment against the appellants, there were two deeds of trust on separate parcels of the real estate of the appellant company. One of the deeds was executed by it on March 9, 1894, to A. A. Campbell, in trust to secure a debt due by bond to E. E. Gravely, payable three years after the said date, with interest therefrom, payable semi-annually. The other deed was made by it to certain trustees on November 28, 1893, to secure a debt of $500 to the Wytheville Building and Land Fund Association, which was to be paid by the maturing of certain shares

of the association, if there were no default in the payment of the interest on the debt, and of the monthly dues on the said shares.

The appellee's judgment being subsequent to the deeds of trust, it was a lien only on the equity of redemption in the lands so conveyed in trust, and that was all that could be subjected to its payment. Nor could the appellee have the deeds of trust enforced, and the lands sold to pay the debts thereby secured, unless the debts had become due and payable. The liens of its judgment on the equity of redemption could not operate to change the contract made between the parties to the deeds of trust prior to the recovery of the judgment.

Commissioner Cook, who, under the decree of the court, took the account of liens on the real estate of the appellants, made his report on June 15, 1896. In reporting the debt of E. E. Gravely, secured by the deed of trust aforesaid, he reported that the interest thereon had been paid to March 12, 1896. The semi-annual interest was payable on March 9, and September 9, so that up to the time of making his report there had been no default in the payment of the interest. The principal was not payable until March 9, 1897, unless there should be default in the payment of the interest.

He also reported that the interest on the debt to Wytheville Building and Land Fund Association had been paid up to June 5, 1896, and it was not pretended that there had been any default in the payment of any of the moneys stipulated to be paid in order to mature the shares of stock, upon the credit whereof the loan was partly made.

The cause was heard by the court at its September term, 1896, on the pleadings, including the answer of A. A. Campbell, trustee, filed during the term, the exhibits filed with the bill, and on the report of Commissioner Cook, with the exceptions taken thereto, when the decree complained of was entered directing not merely the sale of the equity of redemption in the lands conveyed in trust to secure the said two debts,

but decreeing a sale of the lands, and enforcing the deeds of trust. According to the report of the commissioner, neither of the said debts was yet payable. Nor was there anything in the record to the contrary, except the statement in the answer of A. A. Campbell, trustee, that default had been made " in the payment of the semi-annual instalment of interest past due." This statement was not evidence against the appellant company, or the other defendants, for " no rule is better settled than that the answer of one defendant cannot be read as evidence by the plaintiff against another defendant, where there is no joint interest, privity, fraud, collusion, or combination between the co-defendants." *Fisher* v. *White*, 94 Va. 236. There is nothing in this case to take it out of the general rule. It was, therefore, premature to decree a sale of the lands to pay these liens. So far as these lands were concerned, only the equity of redemption could be subjected to the payment of the judgment of the appellee. See *Shurtz* v. *Johnson*, 28 Gratt. 657 ; and *Wise* v. *Taylor* (W. Va.), 29 S. E. R. 1003.

The court not only ordered, by the same decree, the sale of the lands of the principal, the appellant company, but also the lands of the other defendants to the judgment, who were surviving sureties on the debt. This was also error. The realty of the principal liable to be subjected to the payment of the judgment should have been first sold, and if the proceeds of such sale were insufficient to pay it, the balance unpaid should have been ascertained and apportioned equally among the sureties, unless controlled by some agreement among themselves as to their liability for the debt, which should be respected, unless it would prejudice the rights of the creditor, and a sale then ordered of the lands of each, or so much thereof as might be necessary to pay his proportionate part of the said balance; and if either should make default in the payment of his part, and his lands, when sold, should prove insufficient to pay such part, the lands of the others should be subjected proportionately for such part unpaid; and so on

proportionately, upon the further default of any party, until the lands of all have been sold, if the sale of all be necessary for the complete satisfaction of the said judgment. This was the rule laid down in *Horton* v. *Bond*, 28 Gratt. 815, and has since been uniformly followed.

It appears from the bill that W. R. Cooper was also a surety on the bond upon which the judgment sought to be enforced by the complainant was recovered, but that he died before its recovery, and that a separate judgment for the debt was obtained against his personal representative at the same time that the judgment against the principal and the other sureties was recovered. There was a demurrer to the bill for want of proper parties, and it was contended that the court erred in refusing to compel the complainant to amend its bill, and make the personal representative of Cooper and also his widow, who was his sole devisee and legatee, parties defendants. This contention was well founded. A judgment had been recovered against the estate of the decedent for the entire debt. *Non constat* but that it, or a part of it, had been paid out of the assets of the estate. But if not, the personal representative and the widow, who was sole devisee and legatee, were proper and necessary parties, in order that the deceased surety's part of the balance of the judgment remaining unpaid, after applying to the payment of the judgment the proceeds of sale of the realty of the principal, might be ascertained, and his estate subjected to its payment.

By the provisions of the deed of trust to secure the debt of the Wytheville Building and Land Fund Association, it was provided that the land, in case of default in the stipulated payments, be sold for cash as to so much of the purchase money as might be necessary to pay the expenses of executing the trust, and the amount then due and payable on the debt, but the court by its decree directed it to be sold upon terms of credit. In this the court also erred. The court had no power to change the contract of the parties. The sale could only be

decreed to be made according to the terms prescribed by the deed. *Fultz* v. *Davis,* 26 Gratt. 903; *Wood's Ex'or* v. *Krebs,* 33 Gratt. 685; *Pairo* v. *Bethel,* 75 Va. 825; and *Stimpson* v. *Bishop,* 82 Va. 190.

The court, however, did not err in refusing to compel the complainant to make as parties defendants the other persons, who, besides certain of the sureties, were defendants to the judgments reported by the commissioner in favor of the Farmers Bank of Southwest Virginia and of the Princeton Banking Company, respectively. If these persons were made defendants, any liens on their lands would have to be ascertained, which, upon the same principle, would compel the making of any other persons parties defendants, who were defendants to judgments constituting liens on their lands, thereby adding new parties from time to time without end at the expense and delay of the creditor and to the great prejudice of his rights.

We are of opinion that the decree appealed from must, for the errors aforesaid, be reversed, and the cause remanded to the Circuit Court for further proceedings to be had therein according to the views expressed in the foregoing opinion.

*Reversed.*