$$\begin{array}{|cc|} \hline 96 & 147 \\ 97 & 281 \\ \hline 96 & 147 \\ 101 & 765 \\ \hline \end{array}$$

# Wytheville.

## REPASS v. MOORE.

### JUNE 23, 1898.

1. CHANCERY PRACTICE—*Suit by One Lien Creditor—Decree for Account—Creditor's Suit—Act of Limitations.*—Although a suit is brought by only one creditor to subject the lands of a debtor to the payment of the complainant's judgment only, the suit becomes a lien creditor's suit as soon as a decree is entered therein referring the cause to a commissioner to take an account of the defendant's lands and of the liens thereon ; and the effect of such a decree is to suspend the act of limitations as to all the lien creditors of the defendant.

2. CHANCERY PRACTICE—*Final Decree.*—A decree in a creditor's suit which ascertains the rights of one lien creditor, and remands the cause to a commissioner for a further report, is not a final decree. A decree to be final must decide the whole matter in contest, and leave nothing further for the court to do.

3. CHANCERY PRACTICE—*Reversing a Decree on Rehearing—Subrogation—Reference—Act of Limitations—Case in Judgment.*—A commissioner, to whom a creditor's suit was referred to take an account of liens, made his report of the liens, and subjoined : "To this sum must be added 'back taxes' on said Moore's land amounting to $491.70." The report was excepted to, amongst other reasons, because the tax tickets were barred by limitation. The taxes were for the years 1884, 1885, and 1886, and the order for the account was entered in September, 1887. There was nothing on the face of the report to show the interest of the appellant in the back taxes ; nothing to show that he had paid them, or had done any act which entitled him to be subrogated to the rights of the State and county. A decree was pronounced in favor of the appellant for the amount of the back taxes, but this decree, upon a rehearing, granted on the application of the defendant, was set aside, and it was decided that appellant was not entitled to be subrogated to the rights of the State and county for the back taxes.

HELD : It was right to set aside the decree, but instead of deciding that the appellant was not entitled to be subrogated to the rights of the

Opinion.

State and county, the case should have been referred to a commissioner to enquire and report upon the claim of the appellant to the lien asserted by him. The lien was not barred by the statute of limitations, and the appellant should have had an opportunity of making proof of his claim.

Appeal from two decrees of the Circuit Court of Wythe county pronounced respectively February 14, 1895, and January 18, 1897, in a suit in chancery under the style of *Bank of Wytheville* v. *Moore and others,* wherein the appellant was a complainant, and the appellee was a defendant.

*Reversed.*

The opinion states the case.

*G. B. Thomas* and *W. B. Kegley,* for the appellant.

*J. C. Wysor,* for the appellee.

KEITH, P., delivered the opinion of the court.

The Bank of Wytheville obtained a judgment against R. R. Moore and others, and filed its bill in the Circuit Court of Wythe county for the purpose of enforcing its lien upon the real estate of the defendant. The case having been properly matured at the September term, 1887, the court referred the case to a commissioner to take an account of the real estate of the defendant and of the lien of the complainant's judgment, and of all other liens on said real estate, and the order of their priorities. From the date of the entry of this decree, the suit became a lien creditors' bill. In obedience to this decree, the commissioner, on the first of August, 1892, returned his report, and, after stating the real estate of which the defendant was possessed and the liens binding thereon, adds: "To this sum must also be added 'back taxes' on said Moore's land, amounting to $491.70." The defendant filed three exceptions to this report, the second of which was afterwards withdrawn, and need not be further mentioned.

The first exception is because the report fails to show for which year the "back taxes" therein mentioned are due; and third, because said tax tickets are barred by limitation.

It appears that the objection raised by the first exception was removed by a stipulation entered into between counsel by which it was agreed that the taxes reported were for the years 1884, 1885, 1886, and that they were never returned delinquent by the treasurer of the county for non-payment. This stipulation is dated January 13, 1893, and on the same day, without any further evidence or additional report, the cause came on to be heard, all exceptions to 'the report were overruled, and the court decreed, among other things "that J. Winton Repass is entitled to be subrogated to the rights of the State of Virginia and the county of Wythe, in the matter of the said taxes, and doth order, adjudge, and decree, that J. Winton Repass do recover of the said Moore the back taxes as follows: For the year 1884, $104.78; for the year 1885, $184.83; and for the year 1886, $197.96, with interest from the 15th day of December of each year till paid." This decree concludes by remanding the cause to a commissioner for a further report.

At the February term, 1895, the defendant, R. R. Moore, filed a petition praying the court to review the decree of the January term by which the "back taxes" were allowed as a lien in favor of Repass. The petition states that there was no evidence upon which to base the decree, nothing to show the amount of taxes that had been paid by Repass, nor that he was entitled to be subrogated to the rights of the State and county in relation thereto; but, on the contrary, it appears that the taxes were not liens upon the land of Moore, as more than five years had elapsed since they had become liens. Repass demurred to and answered this petition, denying its allegations, but the court adjudged that the decree of January term, 1893, should be reheard, and finally decided that Repass was not entitled to be subrogated to the rights of the Commonwealth for the "back taxes," and therefore annulled and

set aside the decree to that extent. From this decree Repass appealed to this court.

He assigns as error—first, that the decree of January term, 1893, was a final decree, and that more than a year having elapsed before Moore filed his petition to rehear, it was too late, even though that petition were treated by the court as a bill of review.

We are of opinion that the decree of the January term, 1893, was an interlocutory, and not a final, decree.

"A decree for a sale under a mortgage, or otherwise, is interlocutory because the sale is not consummated until approved by the court." 2 Barton's Ch. Pr., sec. 233.

"Where the further action of the court in the case is necessary to give completely the relief contemplated by the court, then the decree upon which the ·question arises is to be regarded not as final, but interlocutory." *Cock* v. *Gilpin,* 1 Rob. 28; *Rawlings* v. *Rawlings,* 75 Va. 76.

The decree under consideration does not decide the whole matter in contest, and leave nothing for the court to do. In order that lienors before the court might enjoy the fruits of litigation, it was necessary that there should have been a decree for a sale of the debtor's land, that sale reported and confirmed, and a distribution of its proceeds by subsequent decrees among those entitled. The decree before us had not fully ascertained the liens, and the cause was remanded to a commissioner for further enquiry and report. If the report of the liens had been complete, and had been confirmed, and a decree for sale had been entered, it would not have been a final decree, for the action of the court upon the report of sale would still have been necessary.

We are, therefore, of opinion that this assignment of error is not well taken, and that the court did not err in permitting the petition to be filed; nor do we think the court erred in setting aside the decree of January term, 1893, in so far as it decreed in favor of Repass.

As we have seen, there is nothing upon the face of the report

which discloses the interest of Repass in the " back taxes ";
nothing to show that he had paid them, or had done any act
which entitled him to be subrogated to the rights of the State
and county.   If the commissioner had reported the taxes as due
Repass, and the report had, without exception calling in ques-
tion the interest and title of Repass, been confirmed, the pre-
sumption would have been that there was evidence before the
commissioner which warranted the report, but such was not the
case, and the name of Repass never appears in this record
until the decree of January, 1893.   There was no error, then,
in setting aside that decree; but we are of opinion that the
court should have referred it to a commissioner to enquire and
report upon the claim of Repass to the lien asserted by him.
It was not barred by limitation.   The Commonwealth has a
lien for taxes for five years from the 15th of December of the
year for which they are due.   The State and county, therefore,
held a lien for five years from the 15th of December, 1884.
The decree which converted this suit into a lien creditors' suit
was entered on the 23d of September, 1887, less than five
years after the tax bills became due.   Its effect was to suspend
the operation of the statute of limitations as to all the lien
creditors of the defendant.   See 1 Barton's Ch. Pr., sec. 26,
and authorities there cited.

If Repass in fact paid the taxes, as he claims to have done,
under circumstances which entitled him to be subrogated to
the rights of the State and county, it would be gross injustice
to shut him off from the opportunity of making proof of his
claim.   He presented a case which satisfied the court at its
January term, 1893, that he was entitled to recover all that he
demanded.   He should not be summarily dismissed without
having the opportunity of making good his demand.   The court
was right in setting aside the decree of January, 1893, but it
should have left Repass where he stood before that decree was
entered.

We are of opinion that the decree complained of is, in this
respect, erroneous, and must be reversed.

*Reversed.*