101  762
o102 857

# Staunton.

ROBINETT'S ADMINISTRATOR V. MITCHELL AND OTHERS.

September 10, 1903.

Absent Buchanan, J.*

1. ACT OF LIMITATIONS—*Decree for Account.*—A decree for account of debts against a decedent's estate rendered in a suit brought by a single creditor stops the running of the act of limitations against the claims of all creditors who subsequently assert them in that suit.

2. JUDGMENTS—*Death of Defendant Before Judgment.*—A judgment of a court of general jurisdiction rendered against a defendant who dies after service of process but before judgment, and whose death has not been suggested on the record, is not void, but voidable only. It is valid unless and until set aside in a direct proceeding for that purpose. It cannot be assailed collaterally.

3. EQUITY PRACTICE—*Parties—Settlement of Estates—Joint Debtors.*— Where a creditor comes in under an order for an account of debts against a decedent's estate, and proves a debt upon which a third person is jointly bound with the decedent, such third person is not a necessary party to the suit, as no relief is there sought against him. It is not the practice of the courts, nor is it the policy of the law, to encumber suits for the administration of assets of decedents' estates with collateral issues affecting the adjustment of equities between persons having no privity with many of the other creditors.

4. EQUITY PRACTICE—*New Parties—When Refused.*—A petition praying for new parties is properly rejected by the trial court where it appears that they are not necessary parties, and that the object is delay.

Appeal from two decrees of the Circuit Court of Bland county, pronounced at May term, 1902, and November term, 1902, respectively, in two chancery suits therein pending, in one of which a petition was filed by the appellant, to which the appellees and others were defendants.

*Affirmed.*

*Judge Buchanan was detained at home by sickness.

In a suit brought against James Robinett and Harvey R. Mustard, joint executors of Samuel Wohford, deceased, personal judgments were rendered against the defendants in December, 1886. It is conceded that after service of process, but before the date of the judgments aforesaid, James Robinett died, but no notice of his death was at any time suggested upon the record. These judgments were never docketed, and no execution ever issued on them, but it is not claimed that they have been paid.

In October, 1890, William H. Hoge, a creditor of James Robinett, filed his bill against the personal representative and heirs of said Robinett seeking to enforce the collection of two debts held by the complainant, and also, if need be, to set aside several conveyances set forth in the bill and charged to have been made in fraud of complainant's rights. On October 1, 1891, less than five years after the rendition of the judgments above mentioned, this cause was referred to a commissioner of the court, with direction, among other things, "to convene before him the creditors of the estate of James Robinett, deceased, ascertain their names, the amount of their debts and respective priorities." No debts were reported under this order, but from time to time the cause was recommitted to the same or another commissioner, to review and reconsider, or to take accounts in pursuance of decree, or decrees theretofore entered, or some similar language. Finally the judgments first above mentioned were reported by a commissioner in the year 1901.

On the coming in of this report these debts were assailed on several grounds, but especially because the judgments were void, and if not void were barred by act of limitations. It was also insisted that Harvey R. Mustard was primarily liable for these debts and was a necessary party to the suit before any decree could properly be made. These defences were set up by exceptions to the commissioner's report and by a petition filed in the cause to which, in accordance with the prayer of the pe-

tition, the judgment creditors aforesaid, amongst others, were made defendants. The judgment creditors demurred to and answered the petition, and, among other things stated in their answer, denied the allegation of the solvency of Mustard asserted in the petition, and on the contrary asserted his insolvency, and filed affidavits in support of their averments. To this answer no replication was filed. The exceptions to the report were overruled and the petition dismissed. Subsequently, on August 2, 1902, a petition for rehearing was filed by James S. Robinett, administrator of James Robinett, deceased, alleging errors in the former decree overruling his exceptions to the commissioner's report and dismissing his first petition. At the hearing this petition was dismissed, and the petitioner appeals from both decrees.

*Samuel W. Williams* and *Fulton Kegley*, for the appellant.

*W. J. Henson*, for the appellees.

Whittle, J., delivered the opinion of the court.

This appeal is from two decrees of the Circuit Court of Bland county—the first pronounced at the May term, 1902, establishing certain demands on behalf of appellees against the estate of James Robinett, deceased, and the second at the November term following, dismissing the petition of appellant for a rehearing of the former decree. These claims are evidenced by a personal decree, which was rendered December 28, 1886, in favor of appellees, who were legatees of Samuel Wohford, deceased, against James Robinett and Harvey R. Mustard, joint executors of said testator, for their interests in the estate.

Subsequently, other creditors of James Robinett's estate instituted suits in equity in the Circuit Court of Bland county against his administrator and heirs, for the purpose, among others, of subjecting his assets to the payment of debts.

In those causes an account of the outstanding indebtedness of the estate was ordered on October 1, 1891, which, under the rule of practice of courts of equity in this State, suspended the running of the statute of limitations as to all creditors whose demands were asserted therein. *Repass* v. *Moore,* 96 Va. 147, 30 S. E. 458; *Gunnell's Adm'rs* v. *Dixon's Adm'r* (Va.), 43 S. E. 340.

It appears from the agreed facts that the decree of December 2, 1886, was entered against James Robinett after his death, and appellant insists that it was therefore void, and should have been so declared by the Circuit Court.

While the decisions are irreconcilably in conflict as to the effect of a judgment rendered for or against a party after his death, the decided weight of authority seems to be that where a court of general jurisdiction renders such judgment, it is not for that reason void.

The judgment, though erroneous and voidable, if assailed in a direct proceeding for that purpose, is effective unless and until set aside, and may not be collaterally attacked. That is the settled doctrine of this court, and a different rule would lead to great inconvenience and mischief.

As was said in *Lancaster* v. *Wilson,* 27 Gratt. 629, with respect to collateral attacks on judgments: "It is not merely an arbitrary rule of law, established by the courts, but it is a doctrine founded upon reason and the soundest principles of public policy. It is one which has been adopted in the interest of the peace of society, and the permanent security of titles." *Hooe* v. *Barber,* 4 Hen. & M. 439; *Evans* v. *Spurgin,* 6 Gratt. 107, 52 Am. Dec. 105; *Neale* v. *Utz,* 75 Va. 480; *Wilcher* v. *Robertson,* 78 Va. 602.

It was likewise insisted by appellant that if the decree of appellees be not void, it was, nevertheless, barred by the statute of limitations, and for that reason ought not to have been established as a subsisting demand against the estate of James Robinett, deceased.

A brief consideration of conceded facts will show that the contention cannot be maintained. As has been remarked, a voidable judgment, until set aside in a proper proceeding for that purpose, possesses all the attributes of a valid judgment. The decree under consideration is, therefore, to be given the same force and effect as if James Robinett had been alive at the date of its rendition; and, as has been seen, an account of debts was ordered October 1, 1891, within less than five years from the date of the decree. So that the decree was plainly not barred by any statutory provision.

The remaining assignment of error to the first decree is to the action of the Circuit Court in refusing to require Harvey R. Mustard to be made a party defendant to the litigation.

It is not the practice of the courts, nor is it the policy of the law, to incumber suits for the administration of the assets of decedents' estates with collateral issues, affecting the adjustment of equities between persons as to whom and many of the creditors there is no sort of privity.

In respect to a similar contention, this court said, in the case of *Wytheville Crystal Ice & Dairy Company* v. *Frick Co.*, 96 Va. 141, 146, 30 S. E. 491, 492: "If these persons were made defendants any liens on their lands would have to be ascertained, which, upon the same principle, would compel the making of any other persons parties defendants who were defendants to judgments constituting liens on their lands, thereby adding new parties from time to time without end, at the expense and delay of the creditor, and to the great prejudice of his rights."

But, aside from the general rule on the subject, there were special reasons in this case which justified the court in dismissing the petition of appellant asking that appellees be required to implead Harvey R. Mustard, and subject his property to the satisfaction of their debts. It was not pretended that the debts had been paid or otherwise satisfied, and Mustard's insolvency

was shown by the answers to the petition and affidavits accompanying them, and admitted by appellant, who filed no replication to those answers.

It also appears that the petition was not presented until about three years after the demands of appellees had been established before the commissioner. The court was warranted, therefore, in concluding that the petition was interjected for purposes of delay, rather than for the *bona fide* object of bringing a necessary party before the court.

The petition for a rehearing of the decrees of May term, 1902, which was denied by the decree of November term, 1902, is predicated upon alleged errors in the former decree, which have already been discussed and disposed of in this opinion.

Upon the whole case, the decrees complained of are without error, and are affirmed.

*Affirmed.*