## Richmond.

### Irvine v. Randolph Lumber Corporation and Others.

#### November 17, 1910.

#### Absent, Cardwell, J.

1. JUDGMENTS—*Collateral Attack.*—The judgment of a court of general judisdiction rendered in a proceeding in which the court had jurisdiction of the subject matter and the parties cannot be collaterally assailed.

2. JUDGMENTS—*Confession by Agent—Collateral Attack.*—The right and authority of the president of a corporation to confess a judgment in the name of the corporation cannot be collaterally assailed, as that question was of necessity determined by the court in which the judgment was rendered.

3. FRAUD—*Case in Judgment—Insufficient Proof.*—In the case in judgment, a suit in equity was brought by the appellant to subordinate a judgment in favor of one of the appellees to the judgment of appellant, upon the ground that he had fraudulently induced appellant not to obtain his judgment at an earlier date, nor until after judgment had been confessed in favor of appellee, but if it be conceded that the appellee's judgment was obtained by fraud, and that the fraud has been sufficiently pleaded, yet the proof in the case in judgment is insufficient to sustain the case made by appellant's bill. He was not hindered or delayed, as alleged, in procuring his judgment, the alleged assurance that he "would be taken care of" could not bind the corporation who was indebted to him, as it nowhere appears that the appellee had any power to bind the corporation by any promise he might make, and he knew that appellee thought that there was a balance of only one or two hundred dollars due on the debt of the corporation to him, and he admits in his bill that there is less due him than shown by the face of the judgment obtained for said debt.

Appeal from a decree of the Circuit Court of Albemarle county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Perkins & Perkins*, for the appellant.

*George E. Walker, Julien Gunn* and *W. K. Mathews*, for the appellees.

KEITH, P., delivered the opinion of the court.

The appellant filed a bill in the Circuit Court of Albemarle county, in which he states his case as follows: The Randolph Lumber Corporation is the owner of a parcel of land containing about four acres, subject to a deed of trust for $600 due F. H. Via. This company was indebted to James E. Irvine in the sum of $1,093.07, subject to certain credits, so that, as the bill avers, the actual amount due the appellant was much less than appeared to be due by his books. He urged a settlement with the corporation, and insisted that a statement should be given him in order that he might ascertain the exact status of the account between them. This he was unable to obtain, and he thereupon proceeded to secure a judgment in the Circuit Court of Albemarle county, at the October term, 1908, for the whole amount of his demand, $1,093.07, with interest from the first of July, 1908, and his costs, and this judgment was docketed on October 17, 1908. On the 12th of September, 1908, E. D. Hotchkiss, Jr., who was a creditor of the lumber corporation, brought his suit in the Circuit Court of the city of Richmond against the lumber corporation, and its president, W. S. P. Mayo, appeared and confessed judgment in that suit in favor of the plaintiff for the sum of $1,933.03, with interest at the rate

of six *per cent. per annum* on $877.24, part thereof from the
19th day of October, 1907, and on $926.55, the residue thereof,
from the 3rd day of July, 1908, until payment, and the costs.
The claim of the appellant is that the judgment in favor of
Hotchkiss was a fraud upon him; that late in the summer
of 1908, or early in the fall of that year, he was urging a
settlement of his claim by the lumber corporation, and that
he was requested by E. D. Hotchkiss, Jr., not to do anything
at all looking to the collection of his claim, and in order to
induce the appellant to accede to his request, Hotchkiss as-
sured him that "he would be taken care of," the protection thus
promised being that of E. D. Hotchkiss, Jr., as well as that
of the Randolph Lumber Corporation, of which the said
Hotchkiss was a prominent member, and in whose interest
he was acting; that "relying upon his assurance, and de-
pending upon this protection, complainant remained quiet
and took no steps for the security of his debt, and some ten
days or two weeks after said assurance had been given, com-
plainant learned to his surprise that a judgment had been
obtained on the 12th of September, 1908, in the Chancery
Court of the city of Richmond, by E. D. Hotchkiss, Jr.,
against the Randolph Lumber Corporation for nearly $2,000."
This judgment the appellant asserts is not valid as against
the judgment in his favor, and he states the grounds of his
contention as follows:

"1st. Because he was prevented from getting judgment be-
fore the date of said confessed judgment by the assurance of
protection made him as aforesaid, and on which he confidently
relied; because of the trust he reposed in said E. D. Hotch-
kiss, Jr., by whom the promise of protection was solemnly
made. To hold that this confessed judgment is, under such
circumstances, good as against complaint's debt, will in effect
be to consummate the perpetration of a fraud.

"2nd. Because said confessed judgment was not docketed
here at all, and whatever may be the result of non-docketing

of judgments as between other judgment creditors, in this case the failure to docket was equivalent to failure to notify, because in fact at the very time said judgment was confessed complainant was being held in security upon the faith of a promise that nothing would be done to his detriment.

"3rd. Because the president of the Randolph Lumber Corporation, who confessed this judgment for E. D. Hotchkiss, Jr., had no authority to make such confession."

The bill further charges that after the complainant had recovered his judgment an opportunity arose of selling the property for a sum sufficient to pay the Hotchkiss judgment and his own and other debts for which the corporation was bound; that the price available was $4,000, which the complainant considered a most fortunate opportunity for paying the debts of the corporation, including his own, and would relieve all trouble concerning the broken promise and put the company firmly upon its feet; that he went to Richmond at his own charges and had a full conference with Messrs. E. D. Hotchkiss, Jr., Julien Gunn and W. S. P. Mayo, informing them of the possibility of a sale and urging its conclusion; that the parties refused to consider the proposition, but said they would consent to a sale at $5,000; and that in this way complainant was deprived of his debt for the second time; that on the occasion of this conference complainant distinctly reminded Hotchkiss of the promise he had made to protect complainant so far as his debt was concerned, and this reminder was made in the presence of W. S. P. Mayo and Julien Gunn; that Hotchkiss admitted that he had made the promise as claimed, but said he had forgotten it; that in this situation of affairs the creditor secured by the trust deed, whose debt was due and unpaid, directed sale under his deed, and the trustee, Micajah Woods, advertised and offered the property for sale on the 1st of May, 1909; and that it was sold and Hotchkiss became the purchaser at the price of $1,760. The bill then prays that the Randolph Lum-

ber Corporation, E. D. Hotchkiss, Jr., F. H. Via, Micajah Woods, Trustee, W. S. P. Mayo and Julien Gunn be made parties defendant to the bill; that the judgment in favor of Hotchkiss against the Lumber Corporation may be subordinated to complainant's judgment and the latter paid in full before the former is recognized; that if need be in the further progress of the cause an injunction may be awarded requiring the retention of the fund involved until complainant's rights are fully and finally determined; and for other and further relief.

The answer of Hotchkiss admits that he is a director of the corporation known as the Randolph Lumber Corporation; that the corporation was the owner of the land bought from the Wood Manufacturing Company, as set forth in the bill; that the land was subject to a deed of trust for $600; but the respondent denies that the Randolph Lumber Corporation was indebted to the plaintiff in any such sum as he claims, but avers that if the said company is indebted to the plaintiff at all it is for a small amount, possibly not exceeding $200. Respondent admits that he obtained a judgment against the Randolph Lumber Corporation for nearly $2,000 in the Circuit Court of the city of Richmond, which indebtedness was for notes endorsed by respondent as an accommodation for the said company and which he had been obliged to pay, and which he now holds. Respondent denies that he in any way prevented the plaintiff from getting a judgment against the Randolph Lumber Corporation, or that he endeavored to in any way lull him into fancied security, as to his alleged debt, or that he has in any manner deprived him of any legal rights to which he was at any time entitled, or which he was at any time able to assert. The answer further alleges that the president of the lumber corporation did have authority to confess judgment, but even if this were not true, that the validity of the judgment cannot be attacked collaterally. The respondent further denies that he has at any time been aware of the possibility of disposing of the assets of the Randolph

Lumber Corporation at a price which would have relieved it of its debts, as set forth in the bill, and that he had admitted to the plaintiff that he had made any promise to hold him harmless but said he had forgotten it. He admits that he did purchase at public auction the property described in the bill at the price of $1,760, and that prior to the sale of the property he bought from F. H. Via the debt secured by deed of trust, and that he is entitled to be reimbursed in this behalf.

We are of opinion that the Circuit Court of the city of Richmond is a court of general jurisdiction; that with respect to the judgment complained of it had jurisdiction both of the subject matter and of the parties; and that its judgment cannot be collaterally assailed.

In Vanfleet on Collateral Attack, it is said, at section 17, that "Jurisdiction existing, any order or judgment is conclusive in respect to' its own validity in a dispute concerning any right or title derived through it, or. anything done by virtue of its authority."

The specific objection to the validity of this judgment is, that it was rendered upon confession by the president of the Randolph Lumber Corporation, and that the president, as such, had no power to confess judgment.

A partner, as such, has no power to confess judgment, but when a judgment so confessed is attacked collaterally it is not void if it can be upheld under any possible circumstances of law or fact. Vanfleet on Collateral Attack, sec. 429.

"Upon a confession of judgment by a corporation, the court in which the action is pending must of necessity judge of the authority of any person who may appear for the company in that behalf, whether it be an attorney at law or an agent of the company, and its judgment as to the right and authority of the person so appearing to bind the corporation must be conclusive in all other proceedings where the same judgment is drawn in question." *White* v. *Crow*, (C. C.) 17 Fed. 98, cited approvingly by Vanfleet, section 430. *Robinett* v.

*Michaux*, 101 Va. 762, 45 S. E. 287, 99 Am. St. Rep. 928, and cases there cited.

It may be conceded that this judgment might with propriety have been attacked as having been procured by fraud. Let it also be conceded that the fraud in this case was sufficiently pleaded; yet we think it plainly appears that the proof is altogether insufficient to warrant the relief sought by the complainant. His claim is that E. D. Hotchkiss, Jr., requested him to do nothing looking to the collection of his debt, and assured him that he (complainant) "would be taken care of," and that in this offer of protection Hotchkiss was speaking not only for himself but for the Lumber Corporation of which he was a prominent member. It nowhere appears that Hotchkiss had any power to bind the Randolph Lumber Corporation by any promise he might make. Assuming as stated, that he gave the assurance in the terms in which it is stated in the bill—that complainant would be taken care of—the evidence shows that Hotchkiss thought, and that the appellant knew, Hotchkiss considered, that the debt due by the Randolph Lumber Corporation to Irvine amounted to only one or two hundred dollars, and the bill admits that the sum actually due to the appellant is less than the face of the judgment.

It further appears, in our judgment, that appellant was not hindered or delayed in procuring his judgment by any assurance or promise made by Hotchkiss to him. What occurred between appellant and Hotchkiss took place the last of August or the first of September, and the suit by appellant against the lumber company was instituted in September and judgment rendered at the next ensuing term of the Circuit Court of Albemarle county.

In no view that we have been able to take of the case have we discovered any merit in the plaintiff's contention, and we are, therefore, of opinion that there was no error in the decree of the circuit court.

*Affirmed.*