# Richmond.

## New York Life Insurance Company and Andrew L. Todd, Trustee, v. John A. Kennedy and Others.

November 18, 1926.

1. Creditor's Suit—*Mortgages and Deeds of Trust—Deed of Trust Requiring Sale for Cash, Decree in Creditor's Suit that the Property should be Sold on Credit—Sale by Commissioner or Trustee—Case at Bar.*—In the instant case, a creditor's suit, appellant, the beneficiary in deeds of trust of the debtor's property and the trustee in the deeds, insisted that under the terms of the respective deeds of trust, the lands upon which they held liens should be sold by the trustee and for cash. The other lien creditors insisted that as the suit was a creditor's suit and the court had taken jurisdiction to administer the assets of the debtor, the sale of the several tracts of land should be judicial sales made by the court through commissioners appointed by it and that the sales should be made on reasonable credits. The court decreed that the sales should be through commissioners appointed by the court and upon reasonable credit.

    *Held:* That the court had no authority to alter the terms of sale provided in the deeds of trust and sell for credit instead of cash; and that the court had the right to substitute commissioners for the trustees in making the sale.

2. Equity—*Bankruptcy and Insolvency—Jurisdiction of Equity to Administer Assets of an Insolvent Debtor—Contracts of Debtor.*—A court of equity has jurisdiction to administer the assets of an insolvent debtor, but this power cannot be construed into a license to impair the obligations of a contract, contrary to the provisions of the Federal Constitution. It is the duty of a court of equity to enforce all proper and legal contracts.

3. Mortgages and Deeds of Trust—*Enforcement of Deed of Trust According to its Terms—Creditor's Suit.*—There is no distinction in the rule that a deed of trust is to be enforced according to its terms when suit is instituted by the beneficiary to enforce the trust and where suit is instituted by subsequent creditors to administer assets.

4. Mortgages and Deeds of Trust—*Judgment against Debtor—Lien*

*Only Upon Equity of Redemption.*—Where a creditor of the grantor in a deed of trust obtains a judgment against the grantor, the creditor only secures a lien on the equity of the redemption.

5. Mortgages and Deeds of Trust—*Creditor's Suit—Decree Must Conform to the Terms of the Deed of Trust.*—In decreeing the sale of lands to satisfy liens, the first of which liens is a deed of trust, the decree must conform to the terms of the deed of trust. The court has no power to change the contract of the parties.

6. Mortgages and Deeds of Trust—*Creditor's Suit—Appointment of a Commissioner Instead of a Trustee.*—In a creditor's suit where the first liens are deeds of trust the appointment of a commissioner, instead of the trustee, to make sale of the properties covered by the deeds of trust is not an impairment of the contract of the beneficiary of deeds of trust.

7. Mortgages and Deeds of Trust—*Naming Trustee.*—While it is usual for the parties to name the trustee, this is not essential to the validity of the deed of trust.

8. Trusts and Trustees—*Equity Will Supply a Trustee.*—If property is conveyed upon trust and no trustee is named, a court of equity will not permit the trust to fail for this reason, but will, upon proper motion, appoint a trustee to execute the trust.

9. Mortgages and Deeds of Trust—*Trustee—Right of Beneficiary to Name the Trustee.*—While it may be true that generally speaking the trustee is selected because of the confidence reposed, this does not invest the beneficiary with an absolute contract right to continue to name the trustee who shall execute the trust.

10. Mortgages and Deeds of Trust—*Trustee—Vested Right of Trustee to Enforce a Trust Deed.*—A trustee has not a vested contract right in the enforcement of every trust deed. It is a matter of common knowledge that frequently a trustee is named without his knowledge or consent. There is neither consideration nor mutuality involved in the transaction.

11. Trusts and Trustees—*Removal of Trustee.*—When an improper person has been appointed a trustee, no one doubts the power of a court of equity, upon proper proof, to remove him.

12. Mortgages and Deeds of Trust—*Terms a Matter of Contract—Medium of Execution.*—While the terms of the trust deed are matters of contract, the medium provided for the execution of the same may be a matter within the discretion of a court of equity. Where this discretion has been exercised by a court of equity an appellate court will not interfere unless the discretion has been abused.

13. Mortgages and Deeds of Trust—*Trustee—Who should Make the Sale.*—When the suit is to enforce a deed of trust, as a rule the trustee named therein should make the sale, but if the trustee dies, or refuses to accept the trust, is incapable of performing it, or from insolvency or other just cause should not receive the money, the

court may appoint a special commissioner to act in his place, and in such case he will be substantially a trustee, but it does not follow however (nor is it the usual practice), that when a deed of truse is only one of several audited liens, that the trustee should makt the sale, and if he does in part do so, it is not uncommon to unite a special commissioner with him.

14. JUDICIAL SALES—*Mortgages and Deeds of Trust—Right of Court to Appoint Agent to Make the Sale.*—Independent of statutory provisions on the subject, it is the general right of a court decreeing a sale, to appoint some one as its agent to make it, and the selection of the person is a matter for the proper discretion of the court where there is any dispute about it.

Appeal from a decree of the Corporation Court of the city of Staunton. Decree for complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Rudolph Bumgardner,* for the appellant.

*Timberlake & Nelson, Chas. Curry, Fitzhugh Elder, Cochran & Pilson,* and *A. C. Gordon,* for the appellees.

CAMPBELL, J., delivered the opinion of the court.

John A. Kennedy, one of the appellees, is the owner of eight valuable parcels of land situated in the counties of Albemarle, Augusta and Bath. Four of these parcels of land, viz., "Swoope," "Harman," "Guthrie Hall" and "Bellview," are bound by four deeds of trust, executed to Andrew L. Todd, as trustee, to secure certain loans made by the New York Life Insurance Company, which loans amount, in the aggregate, to the sum of $100,000. These deeds of trust constitute the first lien upon the property conveyed, except a lien for current taxes.

Kennedy having become insolvent (and his estate

being covered by liens evidenced by other deeds of trust and judgments), in April, 1925, G. A. McQueen and Washington Hardware Company, judgment lien creditors, instituted a suit on behalf of themselves and other creditors to subject the estate of Kennedy to the payment of his debts.

Appellants were made parties defendant to this creditors' suit, and at the August, 1925, rules filed their joint and several answers, setting up the liens evidenced by the four deeds of trust and concluding as follows: "To that end the respondents pray that said liens may be duly reported and stated in said cause, together with a reasonable fee to its counsel for sevices in connection with this litigation, for the purpose of fixing the equity of redemption, and that any action had in said cause, as respects the lands bound by respondent's deeds of trust may relate only to the equity of redemption without affecting or prejudicing the rights of respondents, and leaving them free hereafter to execute said several deeds of trust in accordance with the tenor and effect thereof."

It is to be here observed that appellants did not waive their contract rights to have the property sold according to the terms of the deeds of trust, which in each instance provided for a sale for cash, the time, place and terms of sale having been first advertised for four weeks.

The cause having matured as to all defendants, a decree of reference was entered in accordance with the prayer of the bill of complaint and the answer of appellants.

While awaiting the report of the master commissioner, appellants gave notice to the parties in interest that it would move the court for leave to execute its four deeds of trust.

While counsel representing all parties litigant agreed

that a prompt sale of the properties of Kennedy was imperative for the protection of the creditors, and therefore waived the ascertainment of liens, appellants insisted that, under the terms of their respective deeds of trust, the four parcels of land upon which they held liens should be sold by the trustee, Todd, and for cash.

On the other hand, the lien creditors, other than New York Life Insurance Company, insisted that as the suit was a creditors' suit, instituted by judgement creditors, and the chancery court had taken jurisdiction to administer the assets of the defendant, Kennedy, the sales of the several parcels should be judicial sales, made by the court through commissioners appointed by it; that the sales should be made on a reasonable credit; and that the commissioners handling the fund should give bond.

In the meantime, the master commissioner having filed his report of liens, etc., the court, on the 19th of February, 1926, entered a decree in part as follows: "And the court being of the opinion from the pleadings and evidence, and the statement of the lands of the said John A. Kennedy, and of the liens binding the same made in the said master commissioner's report, that the rents and profits of the said lands in five years will not be sufficient to discharge the said liens; that the liens binding the said lands have been ascertained; that to defer a sale of the same would be to seriously diminish the value of said lands, waste the security for the payment of the lien debts and incur the risk of serious loss to the parties to this cause, and that as speedily as is reasonably practicable the said lands should be brought to sale; but the court further being of opinion, with reference to the said motion of Andrew L. Todd, trustee, that it is inequitable in this case, in consideration of the large amount of other liens the security of which

would thereby be sacrificed; that the court should decree a sale of said lands by the trustee for cash, and that the substance, intent and material effect of the said trust deeds as a security for the payment of the debts therein mentioned are not affected and are in fact advanced by bringing the properties of the said John A. Kennedy to sale upon such reasonable terms as will better invite bidders, it is accordingly adjudged, ordered and decreed that the said motion of Todd, trustee, be overruled, and further, that unless within thirty days after the rising of the court at this term the said John A. Kennedy, or some one for him, do pay the several debts asserted by the creditors, parties to this cause, shown in said report, and binding the respective parcels, or some of them, hereinafter mentioned, then Rudolph Bumgardner, R. E. R. Nelson, J. M. Perry, Fitzhugh Elder, Peyton Cochran and A. C. Gordon, who are hereby appointed special commissioners of this court for that purpose, any three of whom at any sale hereunder may act in the absence of others, do sell at public auction to the highest bidders therefor the following described lands of the said John A. Kennedy."

[1] Only two questions are presented for our consideration, viz: 1. Did the court have the right to alter the terms of sale provided in the deeds of trust and sell for credit instead of cash? 2. Did the court have the right to annul the terms of the contract by substituting commissioners for the trustee?

The correctness of the lower court's decision must necessarily rest upon the assumption that a court of equity, having acquired jurisdiction by reason of its power to administer the assets of an insolvent debtor, has the right to set at naught the terms of a written contract and deny one creditor a preference at the expense of all other creditors.

[2] No one doubts the soundness of the proposition that a court of equity has jurisdiction to administer the assets of an insolvent debtor. But this power cannot be construed into a license to impair the obligations of a contract, contrary to the provisions of the Federal Constitution. It is the duty of a court of equity to enforce all proper and legal contracts. While it may be true that it would be to the interest of the appellant company to have the property of its debtor sold on time, this, however, is a question to be determined by the creditor, not by the court.

[3] It is argued that there is a distinction in the rule that a deed of trust is to be enforced according to its terms when suit is instituted by the beneficiary to enforce the trust and where suit is instituted by subsequent creditors to administer assets.

We know of no Virginia authority to support this contention, and we perceive no good reason for the distinction drawn. In seeking to place all the creditors on a common plane, one fundamental fact is overlooked. The deed of trust creditor, the first lienor, contracted with his debtor on the value of the *corpus* of the property which stands as a security for the loan, while all subsequent creditors with legal knowledge of this fact extended credit only on the equity of redemption. They knew, or should have known, the terms of the contract (duly recorded). In obtaining judgment against the debtor they secured a lien only on the equity of redemption, nor could the appellees compel enforcement of the deeds of trust, unless the debts secured had become due and payable. *Wytheville Ice Company* v. *Frick,* 96 Va. 143, 30 S. E. 491.

No binding authority is cited by appellees to sustain the decree on the point that the court may change the terms of the contract. On the other hand, we are of the opinion that the question is a closed one in Virginia.

In *Fultz* v. *Davis*, 26 Gratt. (67 Va.) 903, it appears suit was instituted to enforce a deed of trust; the court decreed a sale on terms when the deed of trust provided for a sale for cash. Protest was made by the creditor against any change of the terms of contract. This court reversed the lower court and entered a decree as follows: "The court is further of the opinion, that the circuit court erred in decreeing a sale of the land embraced in the deed of trust upon a credit of one, two and three years. The deed having provided for a sale for cash, the circuit court was not authorized to vary the terms of said deed without the consent of the creditor."

It is interesting to note that this case has been universally cited to maintain the doctrine here contended for.

In the monographic note to *Walker's Ex'or* v. *Page*, 21 Gratt. (62 Va.) 636, Va. Rep. Ann., at page 959, it is said: "Under the Code of 1873, chapter 174, section 1, a court may direct the sale of property to be for cash, or on such credit and terms as it may deem best, but this rule does not apply to mortgages, deeds of trust, and other instruments, in which the terms of sale are agreed upon."

In the notes to section 6266 of the Code of 1919, vouched for by the revisors, we find: "A decree for sale of land under a deed of trust must be for cash if so required by the deed, and the terms cannot be changed and the land sold on credit, except by the consent of creditors secured by the deed."

In *Barbour* v. *Tompkins*, 31 W. Va. 410, 7 S. E. 1, where it was held that a court of equity will fix the terms of sale, without regard to the contract, it is said: "It is also assigned as error that the terms of the deed of trust were not followed in the decree. Several Virginia cases are cited. The rule in Virginia is different from ours."

In 27 Cyc., page 1653, under the title "Terms and Conditions of Sale," we find it stated that the court may prescribe different terms than those prescribed in the deed of trust, citing *Barbour* v. *Tompkins, supra.* However, in the note to this section it is said: "But see *Fultz* v. *Davis* [26 Gratt. (67 Va.) 903], * * * holding that the decree should follow the terms of sale prescribed in the deed of trust. * *"

To the same effect are the holdings in *Hogan* v. *Duke,* 20 Gratt. (61 Va.) 244; *Woods* v. *Krebbs,* 33 Gratt. (74 Va.) 685; *Pairo* v. *Bethel,* 75 Va. 834; and *Stimpson* v. *Bishop,* 82 Va. 190.

A case directly in point is *Wytheville Ice Co.* v. *Frick,* 96 Va. 142, 30 S. E. 492. At the time of the recovery by the appellee of its judgment against the appellants, there were two deeds of trust on separate parcels of the real estate of the appellant company. The deeds of trust provided for a sale for cash, the court decreed a sale on terms. In reversing this decree, Judge Riley, delivering the opinion of the court, said: "By the provisions of the deed of trust to secure the debt of the Wytheville Building and Land Association, it was provided that the land, in case of default in the stipulated payments, be sold for cash as to so much of the purchase money as might be necessary to pay the expenses of executing the trust, and the amount then due and payable on the debt, but the court by its decree directed it to be sold upon terms of credit. In this the court also erred. The court had no power to change the contract of the parties. The sale could only be decreed to be made according to the terms prescribed. *Fultz* v. *Davis,* 26 Gratt. 903; *Wood's Ex'or* v. *Krebbs,* 33 Gratt. 685; *Pairo* v. *Bethel* [Bethell], 75 Va. 825; and *Stimpson* v. *Bishop,* 82 Va. 190."

[5] In the syllabus to this case, section 5, prepared by

Judge Burks, it is stated: "In decreeing the sale of lands to satisfy liens, the first of which liens is a deed of trust, the decree must conform to the terms of the deed of trust. The court has no power to change the contract of the parties."

In the instant case, the court has endeavored to make a new contract for the appellants. This, in our opinion, it could not do, and it was error to enter the decree complained of.

This brings us to a consideration of the second question.

[6] It is contended by appellants that the appointment of a commissioner, instead of the trustee, to make sale of the properties covered by the deeds of trust, is an impairment of their contract.

[7, 8] We cannot concur in this contention. The trustee is but the means to the end. While it is usual for the parties to name the trustee, this is not essential to the validity of the deed of trust. If property is conveyed upon trust and no trustee is named, a court of equity will not permit the trust to fail for this reason, but will, upon proper motion, appoint a trustee to execute the trust.

[9] While it may be true that generally speaking the trustee is selected because of the confidence reposed, this does not invest the beneficiary with an absolute contract right to continue to name the trustee who shall execute the trust. Section 6298 of the Code of 1919 provides that when a trustee in a deed dies, removes beyond the limits of the State, or declines to accept the trust, or when, having accepted, he resigns the same, the court having jurisdiction of the subject matter may, on the motion of any party interested, etc., appoint a trustee in place of the trustee named in such deed.

[10] It is not true that a trustee has a vested con-

tract right in the enforcement of every trust deed. It is a matter of common knowledge that frequently a trustee is named without his knowledge or consent. There is neither consideration nor mutuality involved in the transaction.

[11] When an improper person has been appointed a trustee, no one doubts the power of a court of equity, upon proper proof, to remove him. Code 1919, section 6301.

[12] While the terms of the trust deed are matters of contract, the medium provided for the execution of the same may be a matter within the discretion of a court of equity. This discretion a court of equity has exercised in the instant case. Unless this discretion has been abused, this court will not interfere.

Unless there is some good reason for the court not doing so, we believe the general practice is for the court either to appoint the trustee the sole commissioner to make the sale, or else to unite one or more commissioners with him, all of whom are then governed by the equitable and statutory rules governing sales made by commissioners of the court.

The record does not afford us any reason why Todd was not named as a commissioner. The fact that he was a nonresident of the State is not of itself sufficient. While it may be urged that a nonresident is not as familiar as a resident with land values, this of itself should not control the action of the court. In its last analysis, the sum realized at a judicial sale depends upon the highest bid made for the property at a sale fairly conducted by an honest and capable representative of the court.

[13, 14] In that splendid work, Barton's Chancery Practice (3d ed.), page 881, under the title "Who May Sell," the rule is stated thus: "When the suit is to en-

force a deed of trust, as a rule the trustee named therein should make the sale, but if the trustee dies, or refuses to accept the trust, is incapable of performing it, or from insolvency or other just cause should not receive the money, the court may appoint a special commissioner to act in his place, and in such case he will be substantially a trustee. It does not follow, however (nor is it the usual practice), that when a deed of trust is only one of several audited liens, that the trustee should make the sale, and if he does in part do so, it is not uncommon to unite a special commissioner with him, the object of the court being that, as far as possible, the principal interests should be represented and protected in the persons of those who are chosen to make the sale. Independent of statutory provisions on the subject, it is the general right of a court decreeing a sale to appoint some one as its agent to make it, and the selection of the person is a matter for the proper discretion of the court when there is any dispute about it. Generally the counsel for the parties most interested are appointed, but it has even (there would seem to be nothing unusual in such a procedure at the present time) been held that the court would appoint a woman, but not an infant, *feme covert*, or nonresident, and upon a dispute as to the appointment, the recommendation of those creditors who show the greatest amount of debts, will be allowed to have the most weight. The court will generally also appoint the debtor's counsel as one of the commissioners, especially if it is probable there will be a surplus over the amount necessary to pay the debts."

Upon the record before us, we are unable to say that the court abused its discretion in failing to appoint the trustee named in the deeds of trust a commissioner to execute the decree of sale.

For the error committed by the court in decreeing a

sale, upon terms, of the property covered by the deeds of trust, instead of for cash, as provided therein, the cause must be remanded to the circuit court for further proceedings, to be had according to the views expressed herein.

*Reversed.*