**Norfolk**

WILLIAM AVILES, JR.

v.

BONNIE LUSK AVILES

No. 0710-91-1

Decided May 5, 1992

COUNSEL

Robert A. Blount, for appellant.

Wanda N. Allen, for appellee.

OPINION

BENTON, J.—William Aviles, Jr., appeals from an order of the circuit court denying his motion to set aside that portion of a divorce decree that adjudged him to be the father of a child born during his marriage to Bonnie Lusk Aviles. He argues that the order violated general principles of equity, was contrary to Code § 20-108, and violated his constitutional rights to due process and equal protection. We affirm the order.

I.

The husband initially filed a bill of complaint for divorce in which he alleged that one child was born of the marriage. At all times during the divorce proceeding the husband was represented by counsel. The wife was initially represented by counsel; however, during most of the proceeding she was unrepresented because her counsel was permitted to withdraw after her answer was filed. The parties were divorced by decree entered January 8, 1990. The decree stated that one child was born of the marriage and ordered the husband to pay child support.

Eight months after the divorce decree was entered the husband filed a motion to terminate child support in which he alleged that "the infant born during the time of [the] marriage . . . is not the child of [the husband]." The motion cited Code § 20-74 as authority for relief. Five months after the motion was filed, the hus-

band filed a document styled "Notice of Hearing to Set Aside a Decree A Vinculo Matrimonii for Fraud Upon The Court." The motion cited no authority for the relief it requested. At the conclusion of an evidentiary hearing held on these issues, the trial judge ruled that the child "biologically is not [the husband's], but the [husband] has not proven [by] clear and convincing [evidence] that fraud has been committed upon the Court." This appeal followed.

## II.

The husband's first motion for relief relied upon Code § 20-74. That statute reads as follows:

Any order of support or amendment thereof entered under the provisions of this chapter shall remain in full force and effect until annulled by the court of original jurisdiction, or the court to which an appeal may be taken; however, such order of support or terms of probation shall be subject to change or modification by the court from time to time, as circumstances may require, but no such change or modification shall affect or relieve the surety of his or her obligation under such recognizance, provided notice thereof be forthwith given to such surety. No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party.

Code § 20-74. By its express terms, Code § 20-74 applies only to support ordered pursuant to Title 20, Chapter 5 (Desertion and Nonsupport). Juvenile and domestic relations district courts have exclusive original jurisdiction over civil cases arising under Chapter 5. Code § 20-67. Code § 20-74 does not confer authority to the circuit courts to modify child support decrees entered pursuant to Code § 20-107.2.

The husband's motion does not address Code § 20-107.2, the statute in Chapter 6 that authorizes the trial judge to award support in divorce proceedings.[1] The Code contains specific statutory

---

[1] In pertinent part, Code § 20-107.2, in effect at the time of these proceedings, reads: Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, and upon decreeing

authority that governs revisions and alterations "after decreeing as provided in [Code] § 20-107.2." Code § 20-108.[2] Although the trial judge's order does not contain a recitation of the statutory basis upon which the husband was allowed to proceed and upon which the trial judge ruled, we conclude that Code § 20-74 was not a statutorily permissible vehicle for relief.

## III.

The second motion that the husband filed, eleven months after the divorce decree, sought to have a portion of the divorce decree declared void. The husband cited no statutory authority in support of the motion. It appears that the motion was filed in an attempt to invoke the continuing jurisdiction of the divorce court for the purpose of having the court declare void a portion of the decree that the circuit court had jurisdiction to enter when it entered it. At the time the motion was filed, the decree had become final. The circuit court no longer had jurisdiction to modify, vacate, or suspend the decree absent a specific statutory exception. *See* Rule 1:1. Although the wife had counsel when these motions were filed in the circuit court, no pleadings were filed in opposition to either of the husband's motions.

When the husband's motions were heard at the evidentiary hearing in the trial court, the husband's counsel asked the trial judge "to set aside that divorce decree as far as the paternity of the child goes and also the child support goes based upon the fraud that's been perpetrated on the court under the Virginia Code § 8.01-428."[3] On this appeal, the husband's brief cites as

---

that neither party is entitled to a divorce, the court may make such further decree as it shall deem expedient concerning the custody and support of the minor children of the parties, and concerning visitation rights of the parents and visitation privileges for grandparents, stepparents or other family members.

[2] Code § 20-108, in effect at the time of these proceedings, reads:

The court may, from time to time after decreeing as provided in § 20-107.2, on petition of either of the parents, or on its own motion or upon petition of any probation officer or superintendent of public welfare, which petition shall set forth the reasons for the relief sought, revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require. No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party.

[3] At the time pertinent to this case, Code § 8.01-428 read as follows:

statutory authority Code §§ 20-107.2 and 20-108. The brief makes no reference to Code § 8.01-428.

The procedural posture of this case is virtually identical to that in *Slagle v. Slagle*, 11 Va. App. 341, 398 S.E.2d 346 (1990), which was decided four months prior to the evidentiary hearing on the husband's motions. In *Slagle*, we held that a final decree could be set aside only by an independent action. *Id.* at 348, 398 S.E.2d at 350. *See also Charles v. Precision Tune, Inc.*, 243 Va. 313, 414 S.E.2d 831 (1992). However, at no time in these proceedings has the wife objected to the procedural posture of the case or the trial court's authority to proceed on the husband's motions. In particular, no issue has been raised concerning the right of the trial court to entertain the husband's *motion* to set aside a portion of the decree that has become final under Rule 1:1. *Compare* Code §§ 8.01-428(A) and (C) *with* Rule 1:1. Although the wife's counsel raised the question of estoppel at the evidentiary hearing, the husband's counsel countered that estoppel was not applicable because of fraud. *Cf. Slagle*, 11 Va. App. at 348, 398 S.E.2d at 350. The trial judge in this case found that "the real issue involved in this case is that of the [existence of] fraud," and concluded that the husband had failed to meet the burden of proving fraud by clear and convincing evidence.

A. *Default judgments and decrees pro confesso; summary procedure.* — Upon motion of the judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction. Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.

B. *Clerical mistakes.* — Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

C. *Other judgments or proceedings.* — This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court.

## IV.

Because the husband invokes on this appeal Code §§ 20-107.2 and 20-108 and the equitable power of the divorce court to relieve him from child support payments due to an alleged change in circumstances, we address that issue in the context of whether the trial judge erred in holding that the evidence did not prove fraud. The evidence before the trial judge, viewed in the light most favorable to the wife, *Simmons v. Simmons*, 1 Va. App. 358, 361, 339 S.E.2d 198, 199 (1986), proved that on December 25, 1986, before the marriage, the wife had sexual intercourse at a motel with a man who was unidentified on the record. She testified that Aviles had knowledge of her affair, that she told him she was with another man, and that she refused to give him the man's name. After this incident at the motel, she and Aviles often had sexual intercourse. When she discovered that she was pregnant, she talked with Aviles about the possibility the child was not his. Although she "didn't want to have the baby," she said that "he wanted [her] to have the baby." A week after that conversation, they became engaged to be married. They were married in April 1987. She testified that after their marriage they did not discuss the issue again until after the baby was born. The wife gave birth to the child on September 22, 1987. She testified that after the child's birth, the husband brought the issue up for discussion whenever they had an argument. She testified that during those arguments he would often say, "I don't think she's mine anyway." Her testimony was corroborated in part by other testimony.

The husband's testimony contradicted the wife's testimony in respect to some of the events she described. He testified that he only suspected that she had the affair, but that he accepted her assurance that she had not. Significantly, the husband testified that he heard rumors both before and during the divorce proceedings that he might not be the child's father. However, he admitted that he did not inform his attorney of this issue. Indeed, the record reflects that the husband's attorney initiated the divorce proceeding by filing a bill of complaint that asserted the child was born of the marriage. By his own testimony, the husband was on notice at that time that the paternity of the child was doubtful.

Upon conflicting testimony, the trial judge accepted as credible the testimony of the wife and the witnesses who corroborated her testimony. We cannot say that the trial judge erred in so do-

ing. "The credibility of witnesses was crucial to the determination of the facts, and the findings of the trial [judge] based upon the judge's evaluation of the testimony of witnesses heard *ore tenus* are entitled to great weight." *Shortridge v. Deel*, 224 Va. 589, 592, 299 S.E.2d 500, 502 (1983).

 The wife's testimony and the other corroborating testimony amply negate fraud.

> The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively. Fraud cannot be presumed. It must be proved by clear and satisfactory evidence. It is true that fraud need not be proved by positive and direct evidence, but may be established by facts and circumstances sufficient to support the conclusion of fraud. But whether it be shown by direct and positive evidence, or established by circumstances, the proof must be clear and convincing, and such as to satisfy the conscience of the chancellor, who should be cautious not to lend too ready an ear to the charge.

*Redwood v. Rogers*, 105 Va. 155, 158, 53 S.E. 6, 7 (1906).

Furthermore, although the DNA testing proved that the husband is not the child's biological father, the wife's testimony proved that he married her with knowledge that another man might be the child's father and convinced her to have the child. He treated the child as his own and supported the child during the marriage. Under these circumstances, we cannot say that the trial judge's denial of relief is contrary to equitable principles. *See T. . . v. T. . .*, 216 Va. 867, 224 S.E.2d 148 (1976).

## V.

On the evidence in the record, we conclude that the trial judge did not err in ruling that the husband did not prove by clear and convincing evidence that the wife committed fraud on the court and that the evidence did not justify terminating the husband's support obligation. The husband did not assert in the trial court that his constitutional rights of due process and equal protection

were violated. Accordingly, we will not consider those issues for the first time on appeal. Rule 5A:18. The judgment is affirmed.

*Affirmed.*

Barrow, J., and Moon, J., concurred.