## CIRCUIT COURT OF FAIRFAX COUNTY

Marie Bromley

v.

Andrew James Bromley

January 26, 1993

Case No. (Chancery) 106261

BY JUDGE GERALD BRUCE LEE

This matter is before the Court upon the joint motion to amend the Final Decree of Divorce entered by the Court on August 18, 1988, of Ms. Marie Mizener (formerly Bromley) and Andrew James Bromley, *pro se*. Specifically, the parties allege that the Final Decree of Divorce makes a finding that Andrew James Bromley is the father of the minor child, Christopher John Bromley, and recent DNA testing has revealed that Andrew James Bromley *is not* the biological father of the child. For the reasons which follow, the Court will deny the motion to amend the Final Decree of Divorce and grant the petitioner's motion to modify the child support order pursuant to § 20–108, Va. Code.

On August 18, 1988, the Court granted a divorce *a vinculo matrimonii* to Marie Therese Bromley pursuant to § 20–91(9) of the Virginia Code. The final decree made a finding that two children were born of the marriage, namely, Craig Patrick Bromley, born October 30, 1982, and Christopher John Bromley, born January 8, 1985. The property settlement agreement entered into by the parties and incorporated into the final decree reflects that two children were born of the marriage.

Mrs. Mizener petitions the Court to modify the previous order of the Court and to rule that Mr. Bromley is not the biological father of Christopher John Bromley. Ms. Mizener filed with her *pro se* petition the results of DNA testing of a Frederick Foose and the child, Christopher John Bromley, and a "Surrender of Rights and Final Release for

Adoption" from the Superior Court of Douglas County, Georgia, wherein Frederick Foose claims to be the biological father of a male child, born Christopher John Bromley to Marie Therese (Bromley) Mizener on January 8, 1985. Mrs. Mizener has provided the Court with a November 27, 1989, report of the State University of New York Health Science Center at Syracuse, Paternity Studies Laboratory stating that the probability of paternity of Frederick Foose as biological father of Christopher John Bromley is "99.3"

Based upon the foregoing, the Court is of the opinion that there is a change in circumstance that warrants a modification of the decree concerning child support, that is, the joint petition of the parties stating that another person, namely, Frederick Foose has admitted paternity and is the biological father of Christopher John Bromley. Mrs. Mizener states that she is attempting to secure child support from Mr. Foose in a proceeding in New York and that the courts in that state are not willing to direct the biological father to pay child support as long as Virginia lists Mr. Bromley as the child's father under a valid order of child support. Accordingly, on the evidence, the uncontested petition and exhibits, the Court is of the opinion that the order of August 15, 1988, shall be modified as of April 28, 1992,[1] to reflect that Andrew James Bromley is directed to pay zero child support and Mr. Andrew James Bromley is hereby relieved of his obligation for payment of child support for the minor child, Christopher John Bromley. The previous orders and decrees of the Court fixing child support and arrearages remains in effect and are not modified by this order. The Court denies the petitioners request to modify the Final Decree because more than twenty-one days have elapsed since entry of the decree and the Court no longer has jurisdiction to amend the decree. *Aviles v. Aviles*, 14 Va. App. 360 (1992).

---

[1] The date of filing of the petition to modify the Final Decree. § 20–108, Va. Code.