COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

JACOB JARMAN

v.   Record No. 0509-97-1                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
COMMONWEALTH OF VIRGINIA,                    SEPTEMBER 2, 1997
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. LAURA HANLEY

            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Robert P. Frank, Judge

            (Theophilise Twitty, on brief), for
            appellant.

            (Richard Cullen, Attorney General; William H.
            Hurd, Deputy Attorney General; Robert B.
            Cousins, Jr., Senior Assistant Attorney
            General; Craig M. Burshem, Regional Special
            Counsel; Beth J. Edwards, Regional Special
            Counsel; George B. Pearson, Special Counsel,
            on brief), for appellee.


     Jacob Jarman appeals the decision of the circuit court

holding that he is barred from contesting his paternity of a

minor child born to Linda D. Howell, now deceased.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

     As demonstrated by the order entered December 11, 1990,

Jarman appeared before the juvenile and domestic relations

district court and acknowledged his paternity of a daughter born

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

September 25, 1985.  Jarman was ordered to pay support.  In 1995, genetic testing established that Jarman was not the biological father.  The circuit court found that appellant was collaterally estopped from disputing his paternity, and that appellant had not established actual fraud on the part of the deceased mother so as to set aside the original determination of paternity.

The circuit court did not err in finding that Jarman is collaterally estopped from contesting the paternity he acknowledged in sworn testimony before the juvenile and domestic relations district court.

> The doctrine of collateral estoppel provides that parties to an action and their privies are precluded from litigating in a subsequent action "'any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.'"  "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the parties.'"

Dunbar v. Hogan, 16 Va. App. 653, 658, 432 S.E.2d 16, 19 (1993) (citations omitted).  The issue of Jarman's paternity was actually litigated and was essential to the civil support judgment previously entered.

That Jarman was eighteen years old and unrepresented by counsel does not diminish the collateral effect of the original finding.  Jarman was not entitled to appointment of a guardian ad litem and had no constitutional claim to the assistance of

2

counsel.  See Code § 20-49.6.

We also find no error in the trial court's conclusion that Jarman failed to establish actual fraud so as to void the previous judgment.  The evidence indicated that Jarman and the mother had a sexual relationship at the time the child was conceived; that the relationship continued for seven or eight years; that the mother asked Jarman to be tested for sickle-cell anemia prior to the birth of the child to ascertain the child's risks of inheriting the trait; and that, prior to the mother's death in 1995, Jarman did not question whether he was the child's father.  To support his contention of fraud, Jarman testified that, at the mother's funeral, the grandmother told him that she did not believe he was the father, and that at some time prior to her death, the mother had indicated to the grandmother that another man was the father.  The grandmother did not testify.

"'The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively. Fraud cannot be presumed.'"  Aviles v. Aviles, 14 Va. App. 360, 366, 416 S.E.2d 718, 719 (1992) (citation omitted).  There was evidence that the mother believed Jarman was the father. Jarman's allegations, even with the physical evidence of the genetic testing, do not clearly and conclusively demonstrate actual fraud on the part of the deceased mother.

Accordingly, the decision of the circuit court is summarily

affirmed.

                                                    <u>Affirmed.</u>