COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. DIANA L. BREAKIRON
                                            OPINION BY
v.   Record No. 1745-99-1            JUDGE RICHARD S. BRAY
                                         MAY 9, 2000
ROBERT D. FARMER


          FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
               Leonard B. Sachs, Judge Designate

          Marsha B. Lambert, Special Counsel (Mark L.
          Earley, Attorney General; Ashley L. Taylor,
          Jr., Deputy Attorney General; Robert B.
          Cousins, Jr., Senior Assistant Attorney
          General; Craig M. Burshem, Regional Special
          Counsel, on brief), for appellant.

          No brief or argument for appellee.


     The instant cause came before the trial court on a "Motion

for Show Cause," and related "Summons," initiated by the

Commonwealth of Virginia, Department of Social Services, Division

of Child Support Enforcement (Division), against Robert D. Farmer

(appellee), arising from appellee's alleged failure to comply with

an "Administrative [Child] Support Order."  In adjudicating the

motion, the court determined that appellee was not the father of

the child, vacated the order, and relieved appellee from all

accrued arrearages.

The Division appeals, arguing on brief that the court was without "statutory authority" to entertain a collateral attack on the order and "retroactively modify" its terms at "a show cause hearing."  The Division further contended that the court erroneously determined that Diana L. Breakiron (mother) had fraudulently identified appellee as father of the child, "based solely upon genetic test results" and "without allowing any testimony" on the issue.  Finding the Division procedurally barred from challenging the court's prospective vacation of the order, but agreeing that the retroactive discharge of accrued arrearages was error, we affirm in part and reverse in part.

I.

The pertinent facts, before this Court on a "Written Statement of Facts," are uncontroverted.  On July 12, 1995, Diana L. Breakiron gave birth to D.  Shortly thereafter, on July 31, 1995, appellee executed a "Declaration of Paternity" and related "Parental Rights and Responsibilities Statement," acknowledging, under oath, that he fathered D.  Also on July 31, the Division entered an "Administrative Support Order" (ASO) in accordance with Code § 63.1-249, et seq., which "obligated" appellee, in pertinent part, to pay child support of $65 per month to the Commonwealth, through the Division, as reimbursement for Aid to Dependent Children (ADC) benefits to mother, as "Custodial Parent" of D.  On August 21, 1995, the Division entered a revised

-

ASO, which increased appellee's monthly support obligation to $241.

Appellee waived "formal service" of the initial ASO and was properly served with the second order.  Both expressly advised appellee of his right to "object to [the] order," receive an administrative "appeal hearing" and, if aggrieved by the resulting "decision," pursue "an appeal de novo to the [J&D] court," specifying the procedures necessary to such remedies.  Each ASO also notified appellee that the subject "obligation[s] and arrears" were "considered legally established" and "create[d] a judgment by operation of law."  Appellee appealed neither order, and both became "effective" pursuant to Code § 63.1-252.1.

On or about January 30, 1997, the Division filed a "Motion for Show Cause Summons" in the Gloucester County Juvenile and Domestic Relations District Court (J&D court), alleging that the court "should . . . imprison[], fine[] or otherwise punish[]" appellee for non-compliance with the revised ASO, with an accrued arrearage of $3,446.69, and requesting the "issuance of a show cause" against him.  In response, the J&D court issued a summons requiring appellee to appear on a date specified and "show cause, if any," in defense of the Division's action.

Appellee appeared before the J&D court at the scheduled hearing, denied that he was the father of the child, and requested "DNA blood testing."  The court granted father's motion and recessed the hearing pending completion of the necessary

-

procedures and receipt of the attendant report.  The hearing re-convened on June 23, 1997, and the test results, received into evidence, disclosed that appellee was "<u>not</u> the biological father of [D]."  Accordingly, the court dismissed the show cause and vacated the alleged arrears.

The Division appealed to the trial court and, at a related hearing on October 15, 1997, "advised the court that the issue on appeal was whether [appellee] was responsible for arrears that accrued from the entry of the [ASO] until the determination he was not the biological father" of D.  The Division conceded that appellee was not the father but disputed that mother had committed "a fraud" in naming him.  Nevertheless, the court declined the Division's request to present testimony on the issue, and the Division proffered no evidence for the record.  The various documentary proofs, including the reported test results, were received into evidence, and the court, after finding that appellee was not the father of the child and that mother had "committed a fraud upon the court," vacated the ASO, expressly relieving appellee from all related arrearages.

On appeal to this Court, the Division complains that the trial court, acting only upon the Division's "motion to show cause," lacked authority to, at once, vacate the existing ASO and forgive accrued arrearages.  Further, the Division contends that the court erroneously determined the mother "had committed fraud

-

based solely on the . . . test results that excluded [appellee] as the child's father," without permitting additional evidence.

## II.

Code § 63.1-249 declares "it . . . the purpose of [Chapter 13, Title 63.1] to promote the efficient and accurate collection, accounting and receipt of support for financially dependent children and their custodians, and to further the effective and timely enforcement of such support."[1]  Accordingly, Code § 63.1-250.1(A) provides, in pertinent part, that "[i]n the absence of a court order, the Department of Social Services shall have the authority to issue [an ASO] directing the payment of child . . . support[.]"  "The [Division] shall initiate [such] proceedings by issuing notice containing the [ASO]," which "shall be served upon the debtor," and the ASO "shall become effective unless timely contested" by "answer" and related "administrative hearing."  Code § 63.1-252.1.  A party aggrieved by "the decision of the hearing officer" may appeal, de novo, "to the [J&D court] of the jurisdiction wherein appellant resides."  Code § 63.1-268.1.

An ASO "shall have the same force and effect as a court order."  Code § 63.1-258.3; see Code § 63.1-250.  However, "[t]he existence of an [ASO] shall not preclude either an obligor or

---

[1] We have previously determined that the statutory ASO scheme satisfies due process.  See Morris v. Commonwealth, Dep't of Soc. Servs., 13 Va. App. 77, 408 S.E.2d 588 (1991).

-

obligee from commencing appropriate proceedings in a [J&D court] or a circuit court," Code § 63.1-252.1, and "any order issued by a court of this Commonwealth supercedes an administrative order." Code § 63.1-258.3.

"[I]t is generally held that '[i]n the absence of fraud, accident or surprise, a judgment, when entered and no appeal taken, is conclusive, even though the judgment is manifestly wrong in law or fact.'" Slagle v. Slagle, 11 Va. App. 341, 346, 398 S.E.2d 346, 349 (1990) (citation omitted). However, "a judgment obtained by 'intrinsic fraud' is . . . voidable and can be challenged . . . by direct appeal or by a direct attack in an independent proceeding." Peet v. Peet, 16 Va. App. 323, 326, 429 S.E.2d 487, 490 (1993) (citations omitted); see Slagle, 11 Va. App. at 348, 398 S.E.2d at 350. "'Intrinsic fraud' includes perjury . . . or other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact." Peet, 16 Va. App. at 326-27, 429 S.E.2d at 490. A party must act immediately upon the discovery of intrinsic fraud "to rectify the alleged wrong and cannot wait to assail the judgment collaterally whenever it is enforced." Id. at 327, 429 S.E.2d at 490.

However, the statutory scheme investing the Division with authority to "issue" an ASO clearly contemplates a command of less dignity than a judicially countenanced support order. Code § 63.1-252.1 expressly preserves the right of either an "obligor

-

or obligee" of an ASO to, at any time during the "existence" of such order, commence "appropriate proceedings" in a J&D or circuit court. Commensurate with the parties' right to access the judiciary, Code § 63.1-258.3 subordinates an ASO to "any order issued by a court of this Commonwealth." Thus, an ASO remains always vulnerable to displacement by a superceding judicial act and both the obligor and obligee are entitled to initiate proceedings to obtain such relief, without the necessity of proving fraud, accident or surprise.

The instant record clearly discloses that appellee commenced no proceedings in either the J&D or trial court to right any wrong that allegedly inhered in the subject ASO, but relied instead upon a collateral attack in defense of the Division's enforcement procedures. Nevertheless, the J&D court entertained appellee's procedurally flawed attack on the ASO, determining that appellee did not father the child, based upon the paternity testing, and vacated the ASO, discharging the arrears.

On appeal to the trial court, the Division conceded that appellee was not the father and "advised the court that the issue on appeal was whether [appellee] was responsible for arrears that accrued from the entry of the [ASO] until the determination he was not the biological father of the child." (Emphasis added). Moreover, the record does not disclose a proper objection by the Division when the court also prospectively vacated the ASO. The "Written Statement of Facts" recites no objection by the Division

-

to such ruling, and objections appended by the Division to the final order address only the retroactive discharge of arrears, and related evidentiary issues.[2]  "A matter not in dispute before the trial court will not be considered for the first time on appeal[.]"  Connelly v. Commonwealth, 14 Va. App. 888, 891, 420 S.E.2d 244, 246 (1992) (citing Rule 5A:18).  Thus, we decline to address the Division's challenge to that portion of the order prospectively vacating the ASO.  See Aviles v. Aviles, 14 Va. App. 360, 364, 416 S.E.2d 716, 718 (1992) (court may entertain procedurally defective attack on decree, absent proper objection).

With respect to the remainder of the order, which relieved appellee from arrears that had accrued from the entry of the ASO, the Division correctly argues that he failed to appeal the ASO at the inception, and, thereafter, did not commence an "appropriate [judicial] proceeding" to supercede the order.  Under such circumstances, appellee's collateral attack in defense of Division efforts to enforce the arrears was ill founded, and the court erred in retroactively discharging the accrued obligation.

Accordingly, we affirm the order of the trial court that vacates the ASO prospectively, but reverse the discharge of

---

[2] The Division also failed to proffer for the record any evidence that was precluded by the disputed rulings.  We, therefore, have "'no basis to decide whether the evidence was admissible.'"  Zelenak v. Commonwealth, 25 Va. App. 295, 302, 487 S.E.2d 873, 876 (1997) (en banc) (citation omitted).

arrearages previously accrued and remand the proceedings for

determination of such issue.

<u>Affirmed, in part,</u>
<u>reversed and</u>
<u>remanded, in part</u>.