# CIRCUIT COURT OF ISLE OF WIGHT COUNTY

Commonwealth of Virginia,
Dept. of Social Services,
Division of Child Support Enforcement
*ex rel.* Katrina Simmons

v.

Travis Lamont Tynes

March 16, 2001

Case No. CH00-128

BY JUDGE D. ARTHUR KELSEY

The Commonwealth of Virginia, through its Department of Social Services, Division of Child Support Enforcement ("DCSE"), appeals an order of the Isle of Wight Juvenile and Domestic Relations District Court ("JDR") claiming it erred by vacating a DCSE Administrative Order establishing paternity for purposes of child support. The JDR court vacated the order during a show cause hearing scheduled to address whether the alleged father should be held in contempt for failing to pay child support. The vacature, the DCSE contends, amounts to an impermissible collateral attack on a prior support order. For the following reasons, the Court agrees.

On July 20, 1994, the DCSE issued an Administrative Support Order ("ASO") finding that Travis L. Tynes fathered Jermaz Simmons, a boy born to Katrina Simmons on April 17, 1994. The ASO required that Tynes pay $65.00 per month in child support to Simmons. The ASO advised Tynes that he could challenge the order by filing a written request for an administrative hearing within ten days of his receipt of the ASO pursuant to Va. Code Ann. § 63.1-252.1 (Michie Supp. 2000). Believing himself to be the child's father, Tynes waived service of the ASO and agreed to comply with the support obligation.

By September 1999, Tynes had fallen into arrears in the amount of $3,510. The DCSE filed a motion for a show cause summons against Tynes seeking a contempt order enforcing the original ASO. The Juvenile and Domestic Relations District Court issued a summons requiring Tynes to show cause why he should not be held in contempt for failing to pay support required by the ASO issued in 1994. At a hearing on January 18, 2000, Tynes argued against the contempt on the ground that the ASO was simply in error. Over the DCSE's objection, Judge William R. Moore, Jr., of the JDR court issued a "Parentage Test Order" requiring the DCSE to hire a genetics laboratory to test Tynes's blood using a comparative DNA analysis.

On October 4, 2000, the Fairfax Identity Laboratories issued a "Paternity Evaluation Report" concluding that Tynes was not the child's biological father. Relying on this report, on October 17, 2000, Judge Alfreda Talton-Harris of the JDR court issued an order stating that "[u]pon hearing the evidence, the Court finds that . . . Travis Lamont Tynes . . . is not the father" of Jermaz L. Simmons. Judge Talton-Harris directed the DCSE to "vacate" its ASO in light of the genetic testing. In its Notice of Appeal to the Circuit Court, the DCSE appealed the "order of non-paternity" on the ground that it was the product of "a collateral attack on an ASO at a show cause hearing."

Virginia law seeks "to promote the efficient and accurate collection, accounting, and receipt of support for financially dependent children and their custodians, and to further the effective and timely enforcement of such support. . . ." Va. Code Ann. § 63.1-249 (Michie Supp. 2000). To fulfill this mission, the Virginia General Assembly has invested the DCSE with the authority to issue ASOs directing the payment of child support. *See* Va. Code Ann. § 63.1-250.1(A) (Michie Supp. 2000). An ASO must be served upon the putative parent and becomes "effective unless timely contested" by the obligor. Va. Code Ann. § 63.1-252.1 (Michie Supp. 2000).

If the obligor remains unsatisfied after exhausting his administrative remedies, he may appeal the determination to a JDR court and obtain a *de novo* review. Va. Code Ann. § 63.1-268.1 (Michie 1995); *see generally Commonwealth ex rel. Breakiron v. Farmer*, 32 Va. App. 430, 435, 528 S.E.2d 183, 185 (2000).[1] If not displaced on appeal to a JDR court, an ASO "shall have the same force and effect" as a court order. Va. Code Ann. § 63.1-258.3 (Michie 1995) & § 63.1-250 (Michie Supp. 2000). Once final, an ASO

---

[1] In this sense, an ASO "clearly contemplates a command of less dignity than a judicially countenanced support order." *Breakiron*, 32 Va. App. at 436, 528 S.E.2d at 186. An ASO always remains "vulnerable to displacement by a superceding judicial act and both the obligor and obligee are entitled to initiate proceedings to obtain such relief, without the necessity of proving fraud, accident or surprise." *Id.*

may be superseded only by an order issued by a court in an "appropriate" proceeding. Va. Code Ann. § 63.1-252.1 (Michie Supp. 2000) and § 63.1-258.3 (Michie 1995).

In this case, the DCSE argues that the JDR court truncated the process by permitting a collateral attack on an ASO during a hearing scheduled to address whether Tynes should be held in contempt. An enforcement hearing, the DCSE argues, is not an "appropriate" proceeding contemplated by § 63.1-252.1. The DCSE's argument requires a review of the often elusive distinctions between void and voidable orders, as well as the differences between extrinsic and intrinsic fraud.

As a general rule, absent exceptional circumstances, "a judgment, when entered and no appeal taken, is conclusive, even though the judgment is manifestly wrong in law or fact." *Commonwealth ex rel. Breakiron v. Farmer*, 32 Va. App. 430, 435, 528 S.E.2d 183, 186 (2000) (quoting *Slagle v. Slagle*, 11 Va. App. 341, 346, 398 S.E.2d 346, 349 (1990)). Though a judgment may be challenged based upon an allegation of fraud, the procedures for making such a challenge differ greatly depending on the precise nature of the claimed fraud.

Allegations of fraud come in two varieties, intrinsic and extrinsic fraud. Intrinsic fraud renders a judgment voidable. *Id.* (citing *Peet v. Peet*, 16 Va. App. 323, 326, 429 S.E.2d 487, 490 (1993), and *Slagle*, 11 Va. App. at 348, 398 S.E.2d at 350). This species of fraud typically involves perjury, forged documents, or "other means of obscuring facts presented before the court" for decision. *Id.* A challenge to an order based upon intrinsic fraud must be made either on appeal of the original order or through an independent action. *Id.* To press a claim of intrinsic fraud, a litigant "cannot wait to assail the judgment collaterally whenever it is enforced." *Id.*

Extrinsic fraud, on the other hand, involves "conduct which prevents a fair submission of the controversy to the court." *Wells Fargo Alarm Servs., Inc. v. Virginia Employment Comm'n*, 24 Va. App. 377, 386, 482 S.E.2d 841, 846 (1997) (quoting *Jones v. Willard*, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983)). Examples of this type of fraud include litigants failing to put on their evidence as a result of misrepresentations made outside the courtroom. Extrinsic fraud renders a judgment void, permitting the challenging party to raise his objection at any time — even in defense of a contempt charge. *See Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987); *Jones*, 224 Va. at 607, 299 S.E.2d at 508; *Rowe v. Coal Corp.*, 197 Va. 136, 143, 87 S.E.2d 763, 767-68 (1955); *O'Neill v. Cole*, 194 Va. 50, 56-57, 72 S.E.2d 382, 385-86 (1952).

These principles apply to ASOs issued in support cases no less than to judicial orders. *See Breakiron*, 32 Va. App. at 435-38, 528 S.E.2d at 186-87. Consequently, absent proof of extrinsic fraud, a litigant cannot advance a "collateral attack" on an ASO "in defense of the Division's enforcement procedures." *Id*. When addressing the issue of contempt, a JDR court should not entertain a "procedurally flawed attack on the ASO" even if based upon paternity testing. *Id*. What is true for a judicial order is equally true for an administrative order: collateral attacks in defense of an enforcement action, unless they rest on a showing of extrinsic fraud, should be dismissed as "ill founded." *Id*.

In this case, the JDR court did not receive evidence on the issue of fraud (either extrinsic or intrinsic) and made no effort to distinguish between the two. To be sure, no fraud of any kind had been either alleged or demonstrated in the court below. The JDR court simply accepted the paternity testing as sufficient reason to undermine the enforceability of the ASO, thus justifying its vacature. Absent a showing of extrinsic fraud, however, an ASO cannot be vacated by a JDR court in an enforcement proceeding initiated by the DCSE. *See Breakiron*, 32 Va. App. at 435, 528 S.E.2d at 186.[2]

In sum, a litigant cannot defend against a contempt charge on the mere ground that the underlying order was erroneous. For this reason, an unappealed ASO cannot be vacated by a JDR court based solely on paternity testing.[3] Like a judicial order, an ASO can be collaterally attacked only upon a showing of extrinsic fraud. The Court reverses the JDR court's non-paternity

---

[2] In addition to a collateral attack in defense of a contempt charge, a litigant may file an "independent action in equity" seeking to set aside a void judgment based upon fraud, accident, or mistake. *See Charles v. Precision Tune, Inc.*, 243 Va. 313, 316-17, 414 S.E.2d 831, 832-33 (1992). To date, however, Tynes has filed no such action. The Court expresses no opinion on the possible merits or demerits of the independent action option in this case. Nor does the Court express any view on whether an "appropriate proceeding" can be successful without any showing of fraud, accident, or mistake. *See Breakiron*, 32 Va. App. at 436, 528 S.E.2d at 186.

[3] This conclusion, however, will be overtaken by events as of July 1, 2001. During its 2001 session, the Virginia General Assembly enacted House Bill 2376. That bill adds § 20-49.10 to Chapter 3.1 of Title 20 of the Virginia Code authorizing a "petition for relief" from child support obligations upon the presentation of a "scientifically reliable genetic test" establishing non-paternity. *See generally* <http://leg1.state.va.us>.

decision, reinstates the ASO, and remands this matter back to the JDR court for further proceedings consistent with this opinion. It is so ordered.