## CIRCUIT COURT OF ALBEMARLE COUNTY

Commonwealth of Virginia

v.

Lewis M. Hudson

September 20, 2001

Case No. 14,724

BY JUDGE PAUL M. PEATROSS, JR.

On June 6, 2001, Mr. Hudson was tried in this Court on a reckless driving charge under § 46.2-852, Va. Code Ann. (1950). The Court found Mr. Hudson guilty and ordered him to pay a fine of $50.00. The Order was prepared after the trial and was entered by the Court on July 12, 2001.

On July 23, 2001, Ms. Higgins [counsel for the defendant] filed a Motion for Reconsideration. The Court took no immediate action on the Motion for Reconsideration; however, a hearing on the Motion was scheduled for August 31, 2001. Although the Motion for Consideration was pending, the Court never modified the July 12 Order during the 21-day period following entry of the Order. Additionally, Ms. Higgins failed to file a Notice of Appeal within the 30-day period following entry of the final Order. On September 11, 2001, Ms. Higgins submitted evidence alleging that a witness in the trial may have committed perjury; consequently, Ms. Higgins argues, fraud was committed on the Court and the judgment is void. The Court is now presented with two questions: (1) Does the Court still have jurisdiction over the case to modify the July 12 Order after 21 days have passed since the original Order was entered and (2) is the July 12 Order void due to extrinsic fraud at trial which prevented a fair submission of the controversy to the Court.

## I. *Court Lacks Jurisdiction Over the Matter*
*After 21 Day Period has Tolled*

Rule 1:1 of the Rules of the Virginia Supreme Court allows the Court to modify a final judgment only within the 21-day period following entry of final judgment. Also, under § 8.01-675.3, Va. Code Ann. (1950), and Rule 5A:6(a) of the Rules of the Virginia Supreme Court, notice of appeal is untimely where it is filed more than 30 days after entry of the trial court's order. In order to toll the time limitations of Rule 1:1 and Rule 5A:6(a), "it is not sufficient for the trial judge merely to express a desire to consider action or take the issue under advisement; rather the trial judge must issue an order modifying, vacating, or suspending the [order] within twenty-one days of the entry of [the order]." *Vokes v. Vokes*, 28 Va. App. 349, 357, 504 S.E.2d 865 (1998).

In the case at hand, final judgment was entered on July 12, 2001. Although it is true Defendant's Motion for Reconsideration was pending during the 21-day period following entry of final judgment, the Court never issued an Order suspending, vacating, or modifying the original Order during this time. Applying the limitation of Rule 1:1 as interpreted by the Virginia Court of Appeals in *Vokes*, this Court no longer has jurisdiction over the present matter to modify the July 12 Order. See *Id*. Also, because Defendant failed to file a notice of appeal within thirty days of the July 12 Order, Defendant is barred from filing an appeal under Rule 5A:6(a) of the Rules of the Virginia Supreme Court.

## II. *No Extrinsic Fraud Occurred to Allow Defendant*
*to Collaterally Attack the Court's July 12 Order at This Time*

Ms. Higgins argues that the judgment in the case at hand was procured by extrinsic fraud, and as such, the judgment is void and subject to attack at any time. Ms. Higgins has presented the Court with evidence which indicates that Officer Snead, a witness for the Commonwealth, testified inaccurately at trial that certain tire marks were those belonging to the vehicle driven by Defendant Hudson. Ms. Higgins argues that this inaccurate testimony prevented a fair submission of the controversy to the Court; consequently, the July 12 Order was procured by extrinsic fraud and is subject to collateral attack at any time.

A final and conclusive judgment that is void may be attacked at any time, by direct or collateral attack. *Peet v. Peet*, 16 Va. App. 323, 326, 429 S.E.2d 487 (1993). Although a judgment obtained by "extrinsic fraud" is void and subject to collateral challenge at any time, a judgment obtained by "intrinsic

fraud" is merely voidable and can be attacked only by direct appeal or by direct attack in an independent proceeding. *Id.*, 16 Va. App. 323.

Intrinsic fraud typically involves perjury, use of forged documents, or "other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact." *Id.* at 326, 327; see also *Commonwealth v. Tynes*, 56 Va. Cir. 82 (2001). A collateral attack on a judgment procured by intrinsic fraud has been deemed not warranted because "the parties have had the opportunity at trial through cross-examination and impeachment to ferret out and expose false information presented to the trier of fact." *Peet*, 16 Va. App. at 327. Judgments procured by intrinsic fraud can only be attacked directly or on appeal. *Id.*, 16 Va. App. 323.

Extrinsic fraud, on the other hand, consists of conduct which prevents a fair submission of the controversy to the court. *Ellett v. Ellett*, 35 Va. App. 97, 100, 542 S.E.2d 816 (2001). Examples include bribery of a judge or juror, fabrication of evidence by an attorney, preventing another party's witness from appearing, intentionally failing to join a necessary party, misleading another party into thinking a continuance had been granted, and misleading a party into thinking they do not have to put on their evidence as a result of misrepresentations made outside of the courtroom. *Id.* at 101; *Tynes, supra.*

In the case at hand, it is not clear that any fraud occurred at all due to the lack of evidence proving that Officer Snead purposefully lied to the Court with the intent to deceive or mislead. However, even if the Court were to find that Officer Snead committed perjury, such an act would constitute an "intrinsic" rather than an "extrinsic" fraud on the final judgment. Because judgments procured by intrinsic fraud cannot be attacked collaterally, the Court will not entertain Defendant Hudson's Motion for Reconsideration.

### Conclusion

Based on the above stated reasons, the Court finds that the July 12 Order was not procured by extrinsic fraud. As such and due to the tolling of the 21-day limitation under Rule 1:1 of the Rules of the Virginia Supreme Court, the judgment is final and this Court lacks proper jurisdiction to entertain Defendant's Motion for Reconsideration.