## CIRCUIT COURT OF ALBEMARLE COUNTY

Lynn Swofford

v.

Michael Bowles

June 24, 2004

Case No. (Chancery) CH03-12,828

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on a Demurrer made by Defendant in response to Plaintiff's Bill of Complaint. Plaintiff, under Va. Code § 8.01-428(D), seeks to set aside and modify a December 29, 1995, divorce decree based on Defendant's alleged fraudulent concealment of marital funds. The Demurrer asserts that Plaintiff's plea (1) is barred by the doctrine of laches, and (2) the claimed fraud should be characterized as intrinsic fraud and, as such, is not a legally sufficient basis to attack a prior judgment. Oral arguments on the Demurrer were heard on June 18, 2004. For the reasons set forth below, this Court sustains the Demurrer for failure to sufficiently state a claim for fraud on the court on which relief can be granted. The Court grants Plaintiff leave to amend her pleadings, should she be so advised.

*Facts as Stated in Plaintiff's Bill of Complaint*

On January 23, 1991, Plaintiff and Defendant, who were then wife and husband respectively, separated. On March 14, 1991, Plaintiff, Lynn Swofford, filed a bill of complaint for divorce against Defendant, Michael Bowles. On May 3, 1991, Defendant loaned marital funds in the amount of $22,500 to Joseph L. Jarvis. Jarvis subsequently made a partial payment of $4,000 on the note on January 10, 1992, and then paid the remaining balance

on the note on January 27, 1994, because of Defendant's lawsuit against him, which had been reduced to judgment on October 8, 1992. On December 29, 1995, Plaintiff and Defendant were divorced by decree of this Court. The equitable distribution of marital property set forth in the divorce decree did not include the amount of funds loaned by Defendant to Jarvis, which Defendant had been repaid.

Plaintiff claims that: (1) Defendant was the partner in control of the marital funds at the time of the separation; (2) Defendant intentionally and fraudulently failed to disclose *receipt* of the note proceeds; (3) Defendant knowingly did not disclose the loan *repayments* during any of the divorce proceedings; (4) Plaintiff did not know nor could she have known about the *receipt* of the loaned funds; (5) Plaintiff first learned of the loan *repayment* on or about February 25, 2001, and did not conclude her investigation of the alleged fraud until recently; and (6) Defendant's failure to disclose *receipt* of the note payments during the pendency of the divorce proceedings, which includes a failure to disclose in response to verbal and written discovery, constitutes a fraud on the Court.

Plaintiff petitions the Court in chancery under Virginia Code § 8.01-428(D) to set aside and modify the divorce decree with respect to the equitable distribution so that Plaintiff's one-half share would now reflect the proper inclusion of the note proceeds along with interest at the legal rate from the date of Defendant's receipt of the proceeds.

## Issues Presented

(1) Does the doctrine of laches apply when Defendant asserts that too much time has elapsed without further alleging that the delay in bringing the suit was prejudicial to Defendant's case?

(2) Can a claim for fraud on the court, though "intrinsic," be properly instituted under Va. Code § 8.01-428(D)?

(3) Has Plaintiff sufficiently pleaded a claim for "fraud upon the court" when the pleading does not allege which requests for discovery were fraudulently answered by Defendant, how Plaintiff is absent of fault or negligence of her own in compelling such discovery of repayment of the note, nor how Defendant acted with fraudulent intent in not disclosing repayment of the note?

## Discussion of Authority

I. Defendant's Demurrer asserts that the doctrine of laches should be applied to Plaintiff's claim because (1) the repayment of the note proceeds was

a matter of public record as early as October 8, 1992 (City of Charlottesville Circuit Court, Law No. 5263), (2) the Plaintiff discovered the repayment around February 25, 2001, and (3) the Plaintiff did not file this independent action to set aside the divorce decree until July 2003. These pleadings do not suffice in establishing a basis for the doctrine of laches.

Laches is sustainable only on proof of both of two elements: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. See *Mogavero v. McLucas*, 543 F.2d 1081 (4th Cir. 1976); see also *Strickland v. Ayers*, 159 Va. 311, 165 S.E. 387 (1932) (holding that it is not mere lapse of time, but a change of situation during neglectful repose which renders it inequitable to afford relief). The general definition regarding the doctrine's essential element is prevalent throughout Virginia law: "the party asserting the defense of laches must show the prejudice resulting from the delay, otherwise the essential basis for the application of the doctrine of laches is nonexistent." 7A M.J., *Equity*, § 32. Thus, without further alleging that Plaintiff's delay caused prejudice to the Defendant by way of death of parties, loss of evidence, disadvantage in establishing a claimed right or defense, or change of position by Defendant where he cannot be restored to his present state, the doctrine of laches will not apply. Even if Plaintiff exercised a lack of diligence in bringing this independent cause of action for fraud on the court because of her failure to inquire into the public judgment on the note payment, Defendant has not maintained by any means how this delay works a prejudice against him. For these reasons, the Court will not sustain the Demurrer based on laches.

II. Now, Defendant asserts in his Demurrer that Plaintiff's allegations amount to a claim of intrinsic fraud only, which, he argues, is not a legally sufficient basis upon which to attack a judgment. Defendant is correct in categorizing Plaintiff's fraud claim as "intrinsic." See *Peet v. Peet*, 16 Va. App. 323, 326, 429 S.E.2d 487 (1993) (defining intrinsic fraud as perjury, use of forged documents, or other means of obscuring facts presented before the court whose truth or falsity as to the issues being litigated are passed upon by the trier of fact). Plaintiff claims that Defendant fraudulently failed to disclose receipt of the payments from the note executed with Mr. Jarvis. Plaintiff further claims that, if these payments were rightfully disclosed, then the equitable distribution would have properly reflected their inclusion as marital funds, where Plaintiff would receive her one-half share. If in fact the Defendant did *fraudulently* fail to disclose as Plaintiff claims, then this fraud would constitute a means of obscuring facts presented before the court, clearly categorized as "intrinsic."

In spite of this, Defendant is incorrect in asserting that Plaintiff's allegation of fraud cannot be maintained in this action. As this Court stated in

*Commonwealth v. Hudson,* 57 Va. Cir. 92 (Albemarle County 2001), "although a judgment obtained by 'extrinsic fraud' is void and subject to collateral challenge at any time, a judgment obtained by 'intrinsic fraud' is merely voidable and can be attacked only by direct appeal or by direct attack in an independent proceeding." *Id.* at 93-94 (quoting *Peet,* 16 Va. App. at 326). In *Peet,* after the court had determined that the fraud claimed, perjury, was "intrinsic," the court declared that it was "a matter that must be addressed during cross-examination and through impeachment or in a separate proceeding directly attacking the decree." *Peet,* 16 Va. App. at 326.

The central distinguishing feature between 'extrinsic' and 'intrinsic' fraud in their application concerns the ability to attack a judgment collaterally. In the case of 'extrinsic' fraud, a judgment may be attacked collaterally, as opposed to the limitation of attacking a judgment through direct appeal or direct attack in an independent proceeding. See *Jones v. Willard,* 224 Va. 602, 607, 299 S.E.2d 504 (1983) (holding that extrinsic fraud renders a judgment void, while intrinsic fraud renders it voidable). A void judgment is regarded as a nullity, and the situation is the same as it would be if there were no judgment. *New York, Phila., & Norfolk RR. Ferry Co. v. Commonwealth,* 196 Va. 428, 83 S.E.2d 782 (1954). On the other hand, a voidable judgment, until set aside in a proper proceeding for that purpose, possesses all the attributes of a valid judgment. *Robinett v. Mitchell,* 101 Va. 762, 45 S.E. 287 (1903). However, in the case at hand, this differentiation between intrinsic and extrinsic is beside the point because Plaintiff is not attempting to collaterally attack the judgment:

In determining whether an attack upon a judgment is direct or collateral, a basic factor to be considered is whether the proceeding involves a review or annulment of the judgment, or a mere avoidance of its effects, as, for example, by preventing the enforcement of an execution predicated thereon. In the former instance, the attack is direct, in the latter, collateral.

11A M.J., *Judgments and Decrees,* § 140. Here, Plaintiff is seeking to set aside and modify the judgment under operation of law. Whether the fraud is intrinsic or extrinsic, a party is allowed to set aside a judgment through a direct action. Virginia Code § 8.01-428(D) states:

This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or *to set aside a judgment or decree for fraud upon the court.*

*Id.* (emphasis added). This relevant portion of the Code expressly authorizes the initiation of such an action as Plaintiff has instituted here. "Va. Code § 8.01-428(C) [now (D)] specifically preserves the long-recognized right to bring an independent action in equity to relieve a party from the detrimental consequences flowing from an earlier judgment which allegedly resulted from fraud on the court." *Gulfstream Bldg. Assoc. v. Britt*, 239 Va. 178, 182, 387 S.E.2d 488 (1990). The section supplements the common law's contemplation of a "direct action" and provides a precise legal avenue for attacking a "voidable" judgment, which Plaintiff is presently attempting to initiate.

III. After concluding that Plaintiff's claim is not barred by laches, nor outside this Court's review because of its classification as "intrinsic," the Court must now decide whether the facts alleged in the Bill of Complaint sufficiently state a claim for fraud, which, if true, would warrant a grant of relief in the form of modifying the equitable distribution in the divorce decree. "Because 'judicial proceedings must have a certainty of result, and a high degree of finality must attach to judgments,' we construe the language contained in Code § 8.01-428(D) narrowly." *Jennings v. Jennings*, 26 Va. App. 530, 533, 495 S.E.2d 544 (1998) (citations omitted). The seminal case outlining the elements of a sufficient claim for fraud upon the court under § 8.01-428(D) is *Charles v. Precision Tune, Inc.*, 243 Va. 313, 414 S.E.2d 831 (1992). A claim for fraud upon the court will be sustained if the following elements are alleged and then proved:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id.* at 317-18. Obviously, the references made to a defendant's use of this claim can be applied to a plaintiff as well, since nothing in the language of § 8.01-428 limits the cause of action to a defendant's use alone, nor should a defendant have a higher burden to carry in alleging and proving the claim. The references made to "defendant" and "defense" in *Precision Tune*'s list of elements more aptly refer to the party who is petitioning the court to undue a past judgment on account of an unfavorable outcome which might have been secured by fraudulent behavior; here, the wife is the petitioner under this independent action, yet she was also the plaintiff in the divorce case whose order is now being attacked. Fraud on the court, no matter which party it affects, should be remedied when appropriate.

Examining Plaintiff's allegations in her Bill of Complaint, this Court finds that Plaintiff has not met the requisite burden set forth in *Precision Tune*. In her Bill of Complaint, Plaintiff alleges that Defendant "intentionally and fraudulently failed to disclose receipt of the Note payoff proceeds. He knowingly did not disclose such payments during any of the divorce proceedings, including depositions and written discovery." Plaintiff's Bill of Complaint, & 7. The allegations further state that "failure of Respondent to disclose the receipt of the Note payments during the pendency of the divorce proceeding, including disclosure in response to discovery, verbal and written, constitutes a fraud on Complainant and on the Court." *Id.* at & 9. Nowhere in Plaintiff's pleading does she mention an absence of fault or negligence on her part in taking action to compel discovery of such note payoff proceeds or why she was prevented from learning of the judgment which compelled Mr. Jarvis to payoff the note. See *Lucas v. Commonwealth*, 2001 Va. App. LEXIS 440 (holding that a petition to reduce child support and set aside a prior judgment based on fraud and mistake was not warranted because petitioner failed to appear for paternity testings through his own fault).

Both Plaintiff and Defendant agree in their pleadings that the payment of the note proceeds had been reduced to judgment on October 8, 1992. Plaintiff must show that the non-inclusion of the amount of the note proceeds as a marital asset was not due to any fault of her own. Indeed, Plaintiff had an opportunity to explore the value of all marital assets. "Virginia's statute [Va. Code § 20-107.3] 'mandates' that trial courts determine the ownership and value of all real and personal property of the parties ... the litigants have the burden to present evidence sufficient for the court to discharge its duty." *Bowers v. Bowers*, 4 Va. App. 610, 617, 359 S.E.2d 546 (1987). The *Bowers* court further articulated the proper role of the court in handling discovery in divorce cases, including failures to disclose:

> adequate discovery techniques are available to the parties to enable them to obtain evidence to identify, classify, or evaluate marital or separate property. The court has available and should exercise adequate sanctions to deal with the reluctant or recalcitrant party or witness who fails or refuses to disclose relevant evidence.

*Id.* at 618. Thus, a party is given a means to deal with failures to disclose by moving the court for sanctions, and this power should be exercised at trial. Because a party fails to exercise these means, that same party cannot later petition the Court to set aside the final judgment without alleging why sanctions could not have been used to compel discovery. Before this Court will set aside the divorce decree, Plaintiff must allege with specificity, beyond claims that

Defendant failed to respond to discovery, not only how Defendant's fraudulent failure to disclose prevented Plaintiff from determining the value of the repayment of the note as a marital asset, when such repayment was reduced to judgment three years before the divorce decree was entered, but also how the fraud further prevented Plaintiff from making use of the available means to compel such discovery from Defendant. Only then will Plaintiff have alleged a sufficient cause that fraud on the court was secured without any fault or negligence on her part under the fourth element set forth in *Precision Tune*.

This Court also finds a second ground under § 8.01-428(D) for sustaining the Defendant's Demurrer. Plaintiff has not clearly and conclusively established the existence of fraud, particularly the element of intent: "the party alleging fraud has the burden of proving '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled'." *Batrouny v. Batrouny*, 13 Va. App. 441, 443, 412 S.E.2d 721 (1991) (quoting *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193 (1984)). "The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively." *Aviles v. Aviles*, 14 Va. App. 360, 366, 416 S.E.2d 716 (1992). The elements of fraud, along with the elements for the independent cause of action for fraud on the court enunciated in *Precision Tune*, were applied in *Cossu v. Cossu*, 1999 Va. App. LEXIS 357, where the wife brought an independent cause of action under § 8.01-428(D) to set aside a final divorce decree alleging that the husband failed to disclose his assets. In this case, the trial court had denied the wife's petition to reinstate the matter, and the Court of Appeals upheld the ruling because "nothing in the record proved that husband intentionally and knowingly failed to disclose the existence of the pension or that he acted with the intent to mislead. We cannot presume such an intention in the absence of any evidence." *Id.* The Court also upheld the trial court's ruling that the husband, as a party in a divorce action, did not have a duty to accurately state his assets. Based on these precedents, this Court likewise finds that Plaintiff has not sufficiently pleaded a claim for fraud because nothing in the pleading alleges anything more than a presumption that Defendant intentionally withheld disclosure of repayment of the note. Plaintiff must sufficiently allege that Defendant acted with the intent to mislead. A mere assumption will not suffice.

Combining the principles set forth in *Cossu*, in relation to the element of fraudulent intent, and *Lucas*, as it applied the "clean hands" element of *Precision Tune*, the Court finds that Plaintiff's Bill of Complaint fails to adequately state a claim for fraud on the court. Plaintiff has not alleged with specificity which written interrogatories, questions on cross-examination, or

requests for discovery Defendant fraudulently answered in an attempt to conceal the repayment of the note. Moreover, the Bill of Complaint does not adequately reveal an absence of fault on Plaintiff's part in procuring the requested discovery from Defendant, specifically why Plaintiff did not seek sanctions or inquire into the City of Charlottesville Circuit Court's order of October 8, 1992, which reduced the payment of the note to judgment. Finally, Plaintiff has not clearly and conclusively pleaded that Defendant acted with an intent to mislead in not responding to discovery, other than making an assumption of such intent. An allegation of a mere failure to answer to discovery does not constitute intentional conduct.

## Ruling

For the reasons set forth above, the Court overrules Defendant's Demurrer in regard to the claim that laches applies and regarding whether intrinsic fraud is reviewable. However, the Court sustains Defendant's Demurrer based on Plaintiff's failure to adequately plead a claim for fraud on the court under Va. Code § 8.01-428. The Court is granting Plaintiff leave to amend the Bill of Complaint within fourteen days of the date of the entry of the order reflecting the rulings herein.