COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Clements
Argued at Chesapeake, Virginia


COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. COMPTROLLER OF VIRGINIA
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2179-01-1       JUDGE JEAN HARRISON CLEMENTS
                                      AUGUST 27, 2002
VINCENT RICHARDSON


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                   H. Vincent Conway, Jr., Judge

            Rebecca L. Copeland, Special Counsel
            (Randolph A. Beales, Attorney General;
            Craig M. Burshem, Senior Assistant Attorney
            General, on briefs), for appellant.

            Ida Outlaw McPherson (Adam D. Melita; Legal
            Services of Eastern Virginia, Inc., on
            brief), for appellee.


     The Division of Child Support Enforcement (DCSE) appeals a

decision of the Circuit Court of the City of Newport News (trial

court) terminating an administrative support order that required

Vincent Richardson to pay child support for the four children born

during his marriage to Gesilia Deneen Richardson and enjoining

DCSE from collecting the public assistance arrears established in

that order.  In reaching that decision, the trial court found that

Mr. Richardson was not the natural or legal father of Mrs.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Richardson's four children, DCSE's failure to provide assistance to Mr. Richardson in appealing the administrative support order to the juvenile and domestic relations district court violated his due process rights, and DCSE's different standards of proof for single and married men who disputed paternity during the administrative support proceeding violated Mr. Richardson's equal protection rights. On appeal, DCSE contends the trial court erred in (1) retroactively terminating a valid final administrative support order and enjoining the collection of the arrears established under that order and (2) in finding DCSE's policies and procedures in effect at the time unconstitutional. For the reasons that follow, we affirm the trial court's judgment in part, reverse the trial court's judgment in part, and remand this matter to the trial court.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

"In determining whether the trial court made an error of law, 'we review the trial court's statutory interpretations and legal conclusions de novo.'" Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001) (quoting Timbers v. Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998)).

-

The facts essential to the resolution of this appeal are not in dispute.  Mr. and Mrs. Richardson were married in 1989.  They separated in 1990 but did not divorce.  They were still married but living separate and apart as of the date of the hearing before the trial court on March 29, 2001.

Mrs. Richardson had four children during the marriage.  All of the children, however, were born after Mr. and Mrs. Richardson had separated.  Mrs. Richardson received public assistance on behalf of the children.

On February 17, 1999, concluding, based on its policies and procedures, that Mr. Richardson was the legal father of the children because he was still married to their mother, DCSE entered an administrative support order requiring Mr. Richardson to pay child support for the children and to reimburse the Commonwealth for the public assistance paid to the mother.  Mr. Richardson appealed that order to a hearing officer, claiming he was not the children's biological father.  On March 29, 1999, the hearing officer sustained the administrative order, noting, "regulations stipulate that [the noncustodial parent] is the legal father by virtue of the marriage.  [The juvenile and domestic relations district court] addresses paternity."

At the hearing before the trial court, Mr. Richardson testified he attempted to timely appeal the hearing officer's decision to the Hampton Juvenile and Domestic Relations District Court.  Mrs. Richardson testified she was subpoenaed to the

-

Hampton Juvenile and Domestic Relations District Court but Mr. Richardson did not appear for the hearing and the court dismissed the matter. On December 6, 1999, the Hampton Juvenile and Domestic Relations District Court entered an "Order of Support (Civil)" dismissing Mr. Richardson's "[o]bligor support petition per written request of [Mrs. Richardson]." The record contains no other documentation from the Hampton Juvenile and Domestic Relations District Court.

On February 15, 2000, after obtaining assistance of counsel, Mr. Richardson filed a motion with the Newport News Juvenile and Domestic Relations District Court to have the administrative support order set aside and to have the issue of paternity judicially determined. By "Order Determining Parentage" dated January 19, 2001, the Newport News Juvenile and Domestic Relations District Court found, based on DNA testing, that Mr. Richardson was not the biological father of Mrs. Richardson's four children. The court also found, however, that it did not have jurisdiction to set aside the administrative support order. Mr. Richardson appealed that decision to the trial court.

Following a hearing de novo, the trial court entered an order on July 31, 2001, finding that the hearing officer did not have the authority, under DCSE's policies and procedures in effect at the time of the entry and review of the administrative support order, "to disestablish paternity between legally married parties" and that Mr. Richardson "failed to file a timely appeal [with the

-

juvenile and domestic relations district court] within ten . . .
days of receipt of the [hearing officer's] decision."

Nevertheless, the trial court concluded that Mr. Richardson
was "not the natural or legal father of the four children born
during the marriage."  According to the trial court,

> [a]ny presumption of legitimacy of paternity,
> which would otherwise dictate that [Mr.
> Richardson] is the father of the children
> . . ., has been rebutted with sufficiency by
> the facts of this case, especially where
> [Mrs. Richardson] advised [DCSE] of the
> natural father's [sic] identities and that
> [Mr.] Richardson was not the biological
> father, at or before the initial enforcement
> interview, and [DCSE] took no action to
> resolve the issues of paternity.

The trial court also concluded that, as applied to the
circumstances of this case, the policies and procedures manual in
effect when DCSE entered the subject administrative support order
violated Mr. Richardson's due process and equal protection rights
guaranteed under the United States Constitution.  The court found
that DCSE's manual failed to require DCSE or any other agency to
assist Mr. Richardson in timely noting his appeal of the hearing
officer's decision to the juvenile and domestic relations district
court, in violation of his due process rights.  The court further
found that the manual "provided a different level of proof and
sufficiency of evidence for married men as compared to unmarried
men, who might both dispute paternity during an [a]dministrative
[s]upport proceeding," in violation of Mr. Richardson's equal
protection rights.

-

Based on these rulings, the trial court retroactively terminated the administrative support order and enjoined DCSE from collecting any arrearages that had accrued under that order. This appeal by DCSE followed.

DCSE first contends on appeal that, because the administrative support order became a final order when Mr. Richardson failed to timely appeal the hearing officer's decision to the juvenile and domestic relations district court, the trial court did not have the authority to terminate the order retroactively and enjoin DCSE from collecting accrued arrears. We agree.

An administrative support order "shall have the same force and effect as a court order." Code § 63.1-258.3; see Code § 63.1-250. Such an order becomes final if no appeal is taken "within ten days of receipt of the hearing officer's decision." Code § 63.1-268.1. Furthermore, "it is generally held that 'in the absence of fraud, accident or surprise, a judgment, when entered and no appeal taken, is conclusive, even though the judgment is manifestly wrong in law or fact.'" Slagle v. Slagle, 11 Va. App. 341, 346, 398 S.E.2d 346, 349 (1990) (quoting Carpenter v. Ingram, 152 Va. 27, 36, 146 S.E. 193, 195 (1929)).

In this case, Mr. Richardson has not argued in the trial court or on appeal that the administrative support order was entered either as an accident or surprise, or as a result of fraud perpetrated on DCSE. Nor did the trial court invalidate the order

-

on any of those grounds. Indeed, the trial court found that Mrs. Richardson informed DCSE that Mr. Richardson was not the children's biological father, but that DCSE, because of its policies and procedures, "took no action to resolve the issue[] of paternity." The trial court also found that the hearing officer had no authority "to disestablish paternity between legally married parties" and that Mr. Richardson failed to timely appeal the hearing officer's decision to the juvenile and domestic relations district court. Consequently, the administrative support order is a valid, conclusive judgment.

However, the statutory scheme for the entry of administrative support orders allows the obligor or obligee under such an order to institute "appropriate proceedings" in the juvenile and domestic relations district court or circuit court to obtain relief from the administrative support order without alleging surprise, accident, or fraud. Commonwealth, ex rel. Breakiron v. Farmer, 32 Va. App. 430, 436, 528 S.E.2d 183, 186 (2000) (citing Code § 63.1-252.1). The "superceding judicial act" displaces the administrative support order. Id. However, the court may not terminate or modify a final support order retroactively "'to cancel a support arrearage or to relieve a parent of an accrued support obligation.'" Commonwealth, ex rel. Graham v. Brazemore, 32 Va. App. 451, 456, 528 S.E.2d 193, 196 (2000) (quoting Bennett v. Commonwealth, Dep't of Soc. Servs., 22 Va. App. 684, 696, 472 S.E.2d 668, 674 (1996)). "'A court may only modify a support

-

order to be effective prospectively.  The order may be made effective "with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party."'" Id. (emphasis omitted) (quoting Bennett, 22 Va. App. at 696, 472 S.E.2d at 674 (citation omitted) (quoting Code § 20-108)).

Here, Mr. Richardson filed a motion with the juvenile and domestic relations district court on February 15, 2000, seeking a judicial determination of paternity and an order absolving him of all future child support obligations and accumulated arrears.  Mr. Richardson then appealed to the trial court the juvenile and domestic relations district court's ruling that it did not have jurisdiction to retroactively set aside the administrative support order.

DCSE concedes, on appeal to this Court, that the trial court had the power to grant Mr. Richardson prospective relief from the subject administrative support order.  We hold, therefore, that the trial court had the authority to adjudicate Mr. Richardson's paternity and, having found that he was not the father of Mrs. Richardson's children—a finding DCSE does not challenge on appeal—to terminate his child support obligation prospectively, effective from the date DCSE was given notice of the relief requested.  However, because the accrued arrears were not subject to modification by the trial court, the court erred in terminating

-

the administrative support order retroactively and enjoining DCSE from collecting those arrears.[1]

Accordingly, we affirm the trial court's decision terminating Mr. Richardson's prospective child support obligation, reverse its decision terminating the administrative support order retroactively and enjoining DCSE from collecting accrued arrears, and remand this matter to the trial court for entry of an order consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>

---

[1] Having held the trial court lacked authority to retroactively terminate the administrative support order and enjoin the collection of the accrued arrears, we need not address DCSE's claim that the trial court erred in ruling the order was invalid because DCSE's policies and procedures manual violated the due process and equal protection clauses of the United States Constitution.

-